MERRILL *v.* WOODBURY.

An action brought on a claim in favor of a deceased person's estate, under Gen. Laws, c. 198, s. 10, will abate, if the administrator subsequently appointed does not at the first or second term of court indorse the writ and prosecute the action.

In such a case, if justice requires it, the plaintiff may be permitted to amend the writ by inserting the name of the administrator as plaintiff, and prosecute the suit in his name on indemnifying him against costs.

ASSUMPSIT, on a promissory note given by the defendant to the plaintiff's husband now deceased. The plaintiff sues as administratrix without appointment, under Gen. Laws, c. 198, s. 10, and has secured the claim by attachment of the defendant's property. Since the commencement of the suit, Weeks has been appointed administrator of Merrill's estate, and declines to indorse the writ and prosecute the suit. The motion of the defendant to dismiss the action for want of prosecution by the administrator was denied, and the defendant excepted.

*S. T. Page* and *G. A. Bingham,* for the defendant.

*G. F. Putnam,* for the plaintiff.

STANLEY, J. The plaintiff had the right by statute to bring the suit in her own name as administratrix, though never having been appointed. G. L., c. 198, s. 10. The administrator subsequently appointed, refusing to come in and indorse the writ and prosecute the suit, though two terms of court have elapsed since the action was brought, it does not appear on what ground the

motion to dismiss was denied.   The statute provides that actions brought, as this was, shall not be abated if the administrator appointed shall appear and indorse the writ and prosecute the suit as plaintiff at the first or second term; or, in other words, that the action shall be abated if the administrator does not appear and prosecute at the first or second term.   It is not a matter of discretion whether the suit shall abate or not.   Without the statute the suit could not have been brought as it was; and as no person, legally representing the deceased, appeared within the time fixed by the statute, and the administrator declines to appear, there is no plaintiff in court, and the action cannot be maintained.   We are not aware of any case where a party has been kept in court as defendant when there is no plaintiff.   *Tappan* v. *Tappan*, 30 N. H. 50. It is immaterial on whose petition Weeks was appointed, or whether or not he is acting in good faith and for the best interest of all parties.   If he is acting in bad faith, or conniving with the defendant to the detriment of the estate, as is charged by the plaintiff, he may be held to make good the loss on the settlement of his account in probate court.   There being no plaintiff in court, and the administrator declining to appear at the second term, the motion should have been granted.

*Exception sustained.*

CARPENTER, J., did not sit:  the others concurred.


The foregoing opinion having been given at the June term, 1881, the plaintiff, at the next trial term, moved for leave to amend the writ by inserting the name of the administrator as plaintiff, on indemnifying him against costs.   The motion was granted, and the defendant excepted.

ALLEN, J.   It would be a serious hardship and a grave injustice, if, after the plaintiff has lawfully brought her action as administratrix (G. L., *c.* 198, *s.* 10), she should, without fault of her own, lose the suit, because the administrator, subsequently appointed, and disregarding her interests, refuses to come in and prosecute it. Having in good faith undertaken to collect a claim belonging to her husband's estate, in which she has an interest, a compulsory abandonment of the suit may leave her without other redress than the precarious chance of charging the administrator, on the settlement of his account in probate court, for want of diligence and good faith, or the further expense and vexation of a suit upon the administrator's bond.   The defendant cannot complain if he is put to his defence on the merits by a trial of this action, which will conclude the rights of all parties.   A writ or declaration may be amended in various ways to prevent injustice.   The form of action may be changed.   *Stebbins* v. *Insurance Co.*, 59 N. H. 143; *Mer-*

*rill* v. *Perkins*, 59 N. H. 343 ; *Elsher* v. *Hughes*, 60 N. H. 469. One who is entitled to a part of the recovery may be joined as plaintiff (*Chauncy* v. *Insurance Co.*, 60 N. H. 428) ; and when justice requires it, a new plaintiff may be substituted for the original plaintiff of record. *Judge of Probate* v. *Jackson*, 58 N. H. 458 ; *Folsom* v. *Orient Ins. Co.*, 59 N. H. 54 ; *Buckminster* v. *Wright*, 59 N. H. 153 ; *Boudreau* v. *Eastman*, 59 N. H. 467 ; *Hazen* v. *Quimby, ante* 76. To prevent injustice, the writ may be amended by striking out the name of the plaintiff and substituting for it that of the administrator, in whose name the suit may be prosecuted on the plaintiff's indemnifying him against costs.

*Exception overruled.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.