Hillsborough, }
April 7, 1914. }

## Marion Fairgraves v. Stark Mills & a.

Where an action of tort for physical injuries to the person is pending at the time of the plaintiff's decease, his administrator has two full terms in which to appear and assume prosecution of the suit, exclusive of the unexpired portion of the term in which the decedent's death occurred.

Case, for negligence. Facts agreed. The action was entered at the September term, 1912, of the superior court, when it was continued to the following January term, which began January 7. The plaintiff died on that day. At the September term, 1913, the defendants moved that the action be abated upon the ground that no administrator of the plaintiff's estate had appeared before the end of the second term after her decease. The court (*Kivel*, J.) denied the motion, and the defendants excepted. An administrator subsequently appeared before the end of the September term.

*Hollis & Murchie, Hiram A. Stearns*, and *Henry B. Stearns* (*Hiram A. Stearns* orally), for the administrator.

*Jones, Warren, Wilson & Manning* and *Charles D. Barnard* (*Mr. Manning* orally), for the defendants.

Walker, J. The statute (P. S., c. 191, s. 9) provides that if an action of tort "is pending at the time of the decease of one of the parties, it shall abate and be forever barred, unless the administrator of the deceased party, if the deceased was plaintiff, shall appear and assume the prosecution of the action before the end of the second term after the decease of such party." As it is the duty of the court to construe and interpret the language of the statute, and not to vary its meaning by a legislative act of amendment, it is evident that the term of court during which the original plaintiff died cannot be deemed the first term after her decease, and that the succeeding term was not the second term after that event. The fact that she died on the first day of the term, rather than on the last day, is of little significance, since her death occurred during the January term, and under the statute the administrator had two full terms after her death in which to appear. As she died during the January term, the unexpired part of that term

after her death was not the first term succeeding her decease, within the plain and unambiguous language of the statute. The limit set by the legislature was not reached until the end of the September term, the first term after the party's death being the May term, and not, as claimed by the defendants, the January term. P. S., *c.* 2, *s.* 34.

*Exception overruled.*

All concurred.