KUEHN v. NEUGEBAUER. (No. 5920.)

(Court of Civil Appeals of Texas. Austin. Oct. 15, 1919. Rehearing Denied Nov. 26, 1919.)

1. ARMY AND NAVY ☞34—VALIDITY OF SOLDIERS' AND SAILORS' CIVIL RELIEF ACT.

In view of Const. U. S. art. 1, § 8, relating to its war and military power, Congress had the power to pass the Soldiers' and Sailors' Civil Relief Act, title 16a, arts. 1, 2 (U. S. Comp. St. 1918, §§ 3078¼a–3078¼e), relating, among other things, to matters of procedure in the state courts.

2. ARMY AND NAVY ☞34—ISSUANCE OF MANDATE ON APPEAL WITHOUT PAYMENT OF COSTS AS AFFECTED BY SOLDIERS' AND SAILORS' RELIEF ACT.

Soldiers' and Sailors' Civil Relief Act (U. S. Comp. St. 1918, § 3078¼d), authorizes the appellate court to grant a motion of an appellee, requesting it to instruct the clerk to issue a mandate, although costs had not been paid within one year from the reversal of a judgment in favor of appellee, it appearing that appellee entered the military service of the United States, before he became aware of reversal of his judgment, and served overseas until within three months ·of filing his motion, notwithstanding Rev. St. 1911, art. 1559, which leaves the appellate court without discretion to order the issuance of the mandate when costs are not paid within the year.

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Suit by Joseph Neugebauer against Gus Kuehn. Judgment for plaintiff was reversed and remanded, and plaintiff moves the court to instruct the clerk to issue the mandate; the clerk having refused upon the ground that costs had not been paid within one year. Motion granted.

John P. Pfeiffer, of San Antonio, for the motion.

Will G. Barber, of San Marcos, opposed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRADY, J. On April 25, 1918, this cause was reversed and was remanded to the district court of Hays county for a new trial. 204 S. W. 369. No motion for rehearing was ever filed. A few days prior to August 30, 1919, the appellee paid the costs of the appeal, and requested the clerk of this court to issue a mandate to the trial court, in order that he might proceed with the prosecution of the cause, which request was refused by the clerk, upon the ground that the costs had not been paid within one year from the date of the judgment of this court, as required by article 1559, Revised Statutes.

The appellee has filed a motion requesting this court to instruct the clerk to issue the mandate, and has invoked the provisions and benefits of the "Soldiers' and Sailors' Civil Relief Act" (Act March 8, 1918, c. 20, title 16a, Compiled Statutes of the United States, articles 1 and 2, sections 3078¼a to 3078¼e, inclusive). In his sworn application, appellee shows that on May 13, 1918, he enlisted in the army of the United States to assist in the prosecution of the war against Germany, without having been apprised of the action of this court in this cause; that his military service began May 13, 1918, and ended July 26, 1919, during the greater part of which time he served overseas; that during the entire time of his service he gave his undivided time and attention to the service of his country, aiding and assisting in the prosecution of the war against Germany, and that he had neither time nor opportunity to attend to his personal affairs; that he did not pay the costs of the appeal because of his military service, but that as soon as he reasonably could, and within 30 days after his discharge, he paid the costs and requested the issuance of a mandate. To the application is attached appellee's honorable discharge from the United States army, which verifies his averments as to military service.

Appellant resists the motion and demurs to it, and specially excepts because the federal statutes invoked are inapplicable, and further because article 1559, Revised Statutes of Texas, is mandatory, and leaves this court without discretion to order the issuance of a mandate. There is a general denial of the facts alleged in the motion, and a special reply to the effect that appellee had both actual and constructive notice of the judgment of this court prior to his enlistment in the army, and in ample time for him to have paid the costs and taken out the mandate prior to his military service; further, that before his enlistment appellee had determined to abandon the prosecution of this suit, and that his failure to pay the costs accrued in this court did not result from his enlistment in the army. Appellant has introduced proof and filed an affidavit in support of his defenses to the motion.

The questions presented by this motion are both novel and important, and it is deemed advisable to, as briefly as may be, indicate our views in writing. No authorities have been cited construing the act of Congress involved, and, as far as we are aware, there are no precedents upon the exact questions arising here. Article 1559, Revised Statutes of Texas, is as follows:

"In cases which are, by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court, or Court of Civil Appeals, or the overruling of a motion for rehearing. And if any cause is reversed and remanded by the Supreme Court, or Court of Civil Appeals, and if the mandate is not taken out within twelve months as hereinbefore provided, then, upon the filing in the court below of a certificate of the clerk of the Supreme Court, or Court of Civil Appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court."

This statute may be assumed to be mandatory, as has been held in the following cases: Pevito v. Southern Co., 187 S. W. 1009; Watson v. Boswell, 73 S. W. 985; Watson v. Mirike, 73 S. W. 986; Scales v. Marshall, 96 Tex. 140, 70 S. W. 945. Upon this assumption the question then arises whether the federal act is applicable, and, if so, whether it requires or confers upon us the discretion to order the issuance of a mandate under the facts and circumstances of this case. The only portions of the Soldiers' and Sailors' Civil Relief Act which may reasonably be claimed to apply to this case are found in articles 1 and 2. Section 3078¼a, article 1, may be said to be merely a preamble, setting forth the purposes and objects of the legislation; but its provisions are important as indicating the intent of Congress and the scope of the enacting clauses which follow. The objects of the act are broadly stated to be the end of enabling the United States to successfully prosecute the war by extending protection to its citizens in the military service, "in order to prevent prejudice or injury to their civil rights during their term of service and to enable them to devote their entire energy to the military needs of the Nation." To this end it is recited that the subsequent provisions are enacted "for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service," during the war. The provisions of the act are applicable to all state courts, as well as to other courts.

The provisions of article 3078¼d, article 2, are as follows:

"*Executions; Stay of Attachments or Garnishments.*—In any action or proceeding commenced in any court against a person in military service, before or during the period of

such service, or within sixty days thereafter, the court may, in its discretion, on its own motion, or on application to it by such person or some person on his behalf shall, unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service:

"(1) Stay the execution of any judgment or order entered against such person, as provided in this act, and

· "(2) Vacate or stay any attachment or garnishment of property, money, or debts in the hands of another, whether before or after judgment, as provided in this act."

Article 3078¼dd provides that any stay granted may be ordered for the period of military service and 3 months thereafter, or any part of such period, and subject to such terms as may be just. Article 3078¼e reads as follow:

"*Limitations of Actions.*—The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service."

[1] It has been suggested in argument that it may be questioned whether Congress has power to control matters of procedure in the state courts, but no authority has been cited denying the validity of this or any. similar statute. We do not doubt that Congress was invested with full power to pass this statute, or at least the controlling provisions in this case, especially under section 8, article 1, of the Constitution of the United States, relating to its war and military powers.

[2] It is obvious that this is a remedial statute, enacted by Congress for highly important national ends, and that its provisions must be liberally interpreted, to ascertain the intent of Congress, and to give effect to that intention. After a careful consideration of the terms of the statute, construed in the light of the first section or preamble, we have concluded that the first part of article 3078¼d is applicable to this case, and that by its provisions this court is at least vested with the discretion to stay the execution of its judgment and order entered against appellee, requiring him to pay the costs of this appeal. The time limited by the act for the

exercise of this authority is for the period of military service and 3 months thereafter, and appellee has made his application during such time. This court might have, and doubtless would have, entered an order staying the execution of its judgment at any time during the year following the rendition of the judgment, upon application of appellee or some one in his behalf, or indeed upon its own motion, had it known of the situation of appellee during practically all that time.

We have given due consideration to the proofs introduced by appellant in resisting the motion urged as equitable reasons against the exercise of our discretion for appellee's benefit, but we do not think they are sufficient to restrain us from granting the relief sought. The application having been formally made by appellee within 3 months after his discharge, we think he is in time, and that the facts of his motion present a meritorious case, justifying this court in exercising its discretion to stay the execution of its judgment a sufficient length of time to enable him to legally procure his mandate. To this end the order of this court made April 25, 1918, adjudging the costs of the appeal against appellee, is stayed until July 26, 1919, and, the appellee having paid the costs of the appeal, the clerk of this court is directed to issue a mandate to the district court of Hays county, Tex., to proceed further with this cause in accordance with the judgment rendered by this court on said date.

The writer thinks it is proper to add that he is of the opinion that article 3078¼e, relating to limitations of actions, is also applicable to this case, and that the time limited by article 1559 for the payment of costs of an appeal and the taking out of a mandate did not run against appellee during the period of his military service. It is appreciated that this case probably does not fall within the strict letter of the last-named section, and that it would be giving it a very liberal construction to hold it applicable here. However, in view of the broad purposes of the act expressed in the first section and the remedial nature of every provision in it, it is believed by the writer that the subject-matter of this motion falls within the spirit of article 3078¼e, without further elaboration of the question.

The motion is granted.

Motion granted.