Hillsborough, }
May 4, 1920. }

## AGNES T. HALLE *v.* LEO A. CAVANAUGH.

A motion by a husband as executor of his wife, who died pending her action for personal injuries, for leave to appear and prosecute the action is properly denied when made two terms thereafter; such motion is not "the bringing of any action" within the meaning of the soldiers' and sailors' relief act (40 U. S. Stat., Sess. II, *c.* 20, *s.* 205), providing that the period of military service shall be deducted in computing the limitation of such actions. In such case, however, the husband is a person interested in the action within the meaning of P. S., *c.* 191, *s.* 18, and under P. S., *c.* 191,.*s.* 9, and *ss.* 100, 205 of the federal act has two full terms of court after the death of his wife, exclusive of the time he was in the service, in which to appear as an individual and assume the prosecution of the action.

MOTION, to abate an action for personal injuries made at the May term, 1919, of the superior court. The plaintiff, a married woman, died May 23, 1918, before trial. Her husband named as

executor in her will, was drafted into the military service of the United States, June 27, 1918, and was discharged January 27, 1919. Some time after May 15, 1919, he was appointed executor, no other having been appointed. In the superior court, *Allen*, J., granted the motion because so required as matter of law, and transferred the case from the May term, 1919, upon exception by the plaintiff's executor.

*Doyle & Lucier* and *Charles E. Hammond*, for the plaintiff's executor.

*Warren, Howe & Wilson*, for the defendant.

PEASLEE, J. This is an action of tort for personal injuries; the plaintiff died May 23, 1918, during the May term; the second term thereafter was the January term, 1919, which ended May 5, 1919. No person having appeared to prosecute the suit, the court, at the May term, 1919, granted the defendant's motion to abate the action. Such action is ordinarily required by the statute of the state. The administrator has two full terms in which to appear and assume prosecution of the suit. *Fairgraves* v. *Stark Mills*, 77 N. H. 215; *Shea* v. *Starr*, 76 N. H. 538. To maintain such prosecution he must show compliance with the statute. *Poff* v. *Company*, 72 N. H. 164. The plaintiff's husband who was named as executor in her will and appointed as such some time after May 15, 1919, was drafted into the military service of the United States, June 27, 1918, and discharged January 27, 1919. This fact is relied upon under the soldiers' and sailors' relief act passed by congress March 18, 1918, to toll the state statute. 40 U. S. Stat., Sess. II, *c.* 20. The purpose of this act was the protection of persons in the military service of the United States, to prevent prejudice to their civil rights during their term of service by making provision for the temporary suspension of legal proceedings and transactions relating thereto. *Ib. s.* 100. Accordingly the act contains provisions prohibiting judgment by default against any defendant unless it appears he is not in the military service; and for the opening and vacating of any judgment or order against any person in such service. *ss.* 200, 201, 204. Relief under these sections is limited to the period of service and 30 or 60 days thereafter. Consequently these provisions if otherwise applicable are now of no avail. The only provision upon which reliance is placed is section 205, which is as follows: "That the period

of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service." The question under this section is whether this suit is one by a person who is or was in the military service, or, under the general terms of the act, a proceeding to enforce the civil rights of such person, or whether it is merely the motion of the husband as executor for leave to appear and prosecute the action. The suit of Agnes Halle is an action by a married woman to recover for injuries to her. She had the same right to maintain it as she would have had if unmarried. P. S., c. 176, ss. 1, 2; *Seaver* v. *Adams*, 66 N. H. 142. If the husband by appointment as executor secured the power to prosecute the suit by seasonable action, such power is derived from the grant of administration and not from the marital relation or from the nomination in the will. *Crosby* v. *Charlestown*, 78 N. H. 39, 43. Any other person duly appointed would have the same power. The husband is no more plaintiff in one case than in the other. The damages recoverable are part of the wife's estate to be distributed according to law. *Piper* v. *Railroad*, 75 N. H. 435. The facts that the person appointed representative of the deceased was the plaintiff's husband, or was at one time in the military service are immaterial in such proceeding, because the suit so prosecuted is still the suit of Agnes Halle who never was in the military service, and the rights so sought to be enforced are primarily hers and not those of her husband or of one who was in the military service. The federal statute has no application to such a situation.

Although the right of the executor of the will of Agnes Halle to appear and prosecute the suit is barred by the statute, it does not necessarily follow that the right of those interested in the estate is also barred. Under P. S., c. 191, s. 18, any person interested in an estate may bring an action which the executor declines to prosecute. This statute has been given a liberal interpretation, so as to fully protect the rights of those interested in the estate. *Merrill* v. *Woodbury*, 61 N. H. 504.

The husband was interested in this suit. The terms of the will do not appear, but if he takes nothing thereby he has the right to his distributive share of her estate under the statute. Laws 1915, c. 31, s. 4. That he would have the right to appear and prosecute the suit within the statutory period if the executor declined to do so

is not open to question. The fact that his proceeding might have
to be in the name of the executor (*Merrill* v. *Woodbury, supra*) does
not alter the essential fact. The right to be vindicated is one in
which he is interested and which he can assert if the executor declines
to do so.

The question here is whether this right to appear and prosecute a
pending suit, which would abate but for such appearance, is covered
by the federal statute which in terms applies to "the bringing of
any action." There is no other provision in the federal act which
would afford any relief to the person so situated. The general pur-
pose of that statute is declared to be to extend protection to persons
in the military service to prevent prejudice or injury to their civil
rights during their term of service. *Ib. s.* 100. In view of this de-
clared object, it is reasonable to conclude that the intent was to in-
clude the procedure here involved. It follows that the husband had
two full terms of court after the death of his wife, and exclusive of
the time he was in the service, in which to appear as an individual
and assume the prosecution of this suit.

The suggestion is made that if the husband owns only a part in-
terest in the estate the result of allowing him to appear and prose-
cute the suit would be to compel a complex computation to determine
his ultimate net interest therein so that recovery should be limited
accordingly. The question does not now arise, except incidentally
and as a collateral test for the correctness of the conclusion that he
can maintain the action. If the rule suggested is sound it does not
present an insuperable obstacle. In any event his share would have
to be determined before distribution, and if that share is all that can
be recovered, and is in fact less than the whole, judgment on the
verdict can be postponed until the amount to which he is entitled
is determined.

The transferred case does not state what appearances, if any,
were entered. The defendant was the moving party, seeking to
have the action dismissed, and the record does not show who opposed
the motion. The order granting the motion to dismiss the suit was
apparently based upon a ruling that it was too late for an appear-
ance by anyone. The exception to this ruling was taken by the
executor. In the absence of an appearance by the husband as an
individual, the exception as stated cannot prevail. The primary
right of the executor to appear is barred. If there was an appearance
by the husband individually, the question might arise whether the
executor could ratify and adopt such appearance and proceed with

the suit, or whether the husband's right to use the executor's name might not justify an exception as executor. But apparently the whole proceeding in the superior court was had for the purpose of determining whether all right to maintain the suit was barred by the statute. If, upon the return of the case to the superior court, this is found to be the fact, the order should be reversed. The husband, as an individual, had a right to appear and prosecute the suit. But if the only attempt at an appearance was by the executor in his official capacity, it follows that the order was correct and the action must be dismissed.

*Case discharged.*

All concurred.