MARTIN STUDT, Administrator, Appellant, v. PAUL J. TRUEBLOOD, Appellee.

EMIL KOUBA, Receiver, Appellant, v. PAUL J. TRUEBLOOD, Appellee.

**LIMITATION OF ACTIONS:** Pendency of War—Stay Order. The exemption to persons in the military or naval service of the United States ''from any writ of attachment or execution'' does not embrace a right to a stay on an order for the sale of property seized on an attachment issued and served prior to the entry of the defendant into such military or naval service. (Ch. 380, Acts 37 G. A.)

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

FEBRUARY 16, 1921.

APPEAL from order of Hon. James W. Willett, judge of the district court, whereby a previous order made by the same judge, ordering the sale of attached property, was vacated, the sale stayed, and the property held in the hands of the sheriff, to await the result of the litigation.—*Reversed.*

*Chas. E. Hughes* and *R. S. Milner,* for appellants.

*Snyder & Snyder,* for appellee.

ARTHUR, J.—Plaintiffs brought actions against the defendant, Paul J. Trueblood, for money judgments. After appeal was perfected, the cases were consolidated in the lower court. These appeals were also consolidated in this court, on motion.

Certain automobiles were attached as the property of defendant in August, 1917. In the winter of 1918, the defendant entered the army. In the spring of 1919, order for sale of the cars was obtained, and before the sale was had, the defendant returned from the service, was honorably discharged, and procured order of which complaint is here made.

The record contains no disputed propositions of fact, and the only question is one of statutory construction.

Chapter 380 of the Acts of the Thirty-seventh General Assembly provides for an exemption to persons in military or naval service of the United States, and for six months thereafter, "from any writ of attachment or execution." The order of sale was stayed on the theory that the stay was the right of the defendant, under the moratorium statute. The stay order was not warranted under said statute.

The proceeding for sale of the attached property was simply one to make the attachment more effective, and to preserve it from waste to either party. The showing made for sale of the property was plenary as to the necessity for such order. The showing for sale was sufficient, as evidenced by the initial order made by the judge. The attachment was made months prior to the entrance of defendant into the army. The order for sale of the attached property was merely collateral and ancillary power of the court to conserve the property, and violated none of defendant's exemptions, and was as much for his benefit as for plaintiffs'. The view of the lower court taken of the statute cannot be upheld.

After perfection of this appeal, and on July 10, 1919, plaintiffs procured an order from this court suspending the order of the district court appealed from, and reinstating the former order of the judge of the district court, and directing the sheriff to proceed and sell the attached cars, upon appellants' filing bond in a stipulated amount, which bond was filed and approved by the clerk of this court. The sheriff of Benton County, under order of this court, readvertised and sold the cars and paid the money over to the clerk of this court, where it now is, awaiting the outcome of the suits in the district court.

The question involved in this appeal having been passed upon in the ruling on the motion or application for order suspending the order of the judge of the district court appealed from, and reinstating the former order of the judge for sale of the attached property, nothing remains now to determine.

Following the ruling of this court on the motion, the order of the judge staying sale must be and is—*Reversed.*

Evans, C. J., Stevens and Faville, JJ., concur.