AUSTBY, RESPONDENT, *v.* YELLOWSTONE VALLEY MORTGAGE CO., APPELLANT.

(No. 4,788.)

(Submitted April 20, 1922.  Decided May 24, 1922.)

[207 Pac. 631.]

*Soldiers and Sailors—Mortgage Foreclosures—Moratorium—Validity of Act—Complaint—Sufficiency—Inferences—Damages—Attorney's Fees—Costs—When not Recoverable.*

Soldiers and Sailors—Civil Relief Act not in Conflict With Federal Act.
  1. The purpose of the Soldiers' and Sailors' Civil Relief Act (40 U. S. Stat. 440), providing protection to persons in the military service of the United States during the late war in their civil rights, and that of Chapter 104, Laws of 1919, providing a like protection to them for one year after honorable discharge, being essentially different, there is no substantial conflict between them, and the contention that, being in irreconcilable conflict, the federal Act is controlling and Chapter 104 therefore inoperative, is without merit.

---

1.  Validity and construction of war legislation in nature of moratory statutes, see note in 9 A. L. R. 6.

Same—Wrongful Mortgage Foreclosure—Complaint—Sufficiency.

2. An allegation in the complaint in an action brought under Chapter 104, Laws of 1919, prohibiting the foreclosure of a mortgage executed by a person in the military service during the World War, for one year after honorable discharge, that immediately upon securing a decree of foreclosure defendant procured the sheriff to take possession of the mortgaged premises of plaintiff, brought the case within the meaning of section 5 of the Act providing that the person violating its terms shall be liable for double the amount of damages sustained by the mortgagor.

Same—Penal Statute—Oppression—Sufficiency of Complaint—Inferences.

3. Assuming that Chapter 104 in authorizing double damages is penal in character and that therefore the person causing the damages must have been guilty of oppression (fraud or malice), the complaint, though not alleging that defendant had acted in a spirit of oppression, was nevertheless sufficient, oppression being implied from the allegation that defendant mortgagee had procured the sheriff to take possession of the mortgaged premises before sale, there being no authority in law for such procedure.

Same—Attorney's Fees—Damages—Defective Complaint.

4. Failure of plaintiff to allege in his complaint that he had either paid or become liable to pay for services of an attorney to have the decree of foreclosure set aside, rendered the pleading insufficient to entitle him to recover the fee as an element of damages.

Same—Costs—What not Recoverable as Damages.

5. Since the only damages which plaintiff could recover under Chapter 104 were those which resulted proximately from defendant's wrongful act in foreclosing his mortgage, traveling and other expenses incurred by plaintiff in attending the hearing on his motion to vacate the foreclosure decree were not recoverable as damages where the hearing was had on affidavits and the attendance of plaintiff was not necessary.

Same.

6. The foreclosure proceeding complained of by plaintiff in his action for damages under Chapter 104, Laws of 1919, having been instituted before its enactment, it was not wrongful, and plaintiff was therefore not entitled to recover his appearance fee therein as an element of damages.

Same—Effect of Statute Where Foreclosure Action Instituted Prior to Its Enactment.

7. The only effect of Chapter 104, Laws of 1919, where foreclosure proceedings were instituted prior to its enactment, was to stay the entry of a decree until after one year had elapsed from the date of honorable discharge of the soldier mortgagor.

*Appeals from District Court, Richland County; C. C. Hurley, Judge.*

ACTION by Nels Austby against the Yellowstone Valley Mortgage Company. From a default judgment for plaintiff and an order refusing to set it aside, defendant appeals. Reversed and remanded.

*Messrs. Brattin & Ketter,* for Appellant, submitted a brief; *Mr. L. V. Ketter* argued the cause orally.

Appellant contends that the said Chapter 104, Laws of 1919, having failed to expressly include within its terms the abatement of actions already pending at the time of the passage of the Act, said Act cannot be given a retroactive effect, and does not therefore apply to the foreclosure action of the Yellowstone Valley Mortgage Company against Nels Austby, which had been instituted merely six months prior to the enactment of the Act. Laws will not be given retroactive effect, unless they are expressly declared to be retroactive. (Secs. 6212 and 6213, Rev. Codes 1907; *Bullard* v. *Smith*, 28 Mont. 387, 397, 72 Pac. 761, 763; *Falligan* v. *School Dist. No. 1, Ravalli Co.*, 54 Mont. 177, 179, 169 Pac. 803.)

The provisions of the Soldiers' and Sailors' Relief Act (40 Stat. 440 [U. S. Comp. Stats. 1918; U. S. Comp. Stats., Ann. Supp. 1919]), governing the matter of exemption of those in the military service of the United States from the operation of litigation in the state courts, are controlling.

In passing upon this question, the supreme court of Wisconsin, in *Konkel* v. *State*, 168 Wis. 335, 170 N. W. 715, upheld the national law as against the state law, upon the ground that the state had no authority to legislate upon a matter where Congress had already covered the subject by legislation. (See, also, *Pierrard* v. *Hoch*, 97 Or. 71, 184 Pac. 494, 191 Pac. 328.)

The complaint failing to allege that the proceedings in the foreclosure action were prosecuted with malice, wantonness or evil design, it fails to state a cause of action entitling the plaintiff to double damages provided by the statute, and therefore the judgment for double damages is erroneous. (*McDonald* v. *Montana Wood Co.*, 14 Mont. 88, 43 Am. St. Rep. 616, 35 Pac. 668; *Stewart* v. *Sefton*, 108 Cal. 197, 41 Pac. 293; *Barnes* v. *Jones*, 51 Cal. 303; *Batchelder* v. *Kelly*, 10 N. H. 436, 34 Am. Dec. 174; *Whitecraft* v. *Vanderver*, 12 Ill.

235; *Hodges* v. *Pine Product Co.,* 135 Ga. 134, 21 Ann. Cas. 1052, 33 L. R. A. (n. s.) 74, 68' S. E. 1107.)

*Mr. Jens Rivenes* and *Mr. A. A. Grorud,* for Respondent, submitted an original brief and a supplemental brief; *Mr. Grorud* argued the cause orally.

The state statute prohibiting any foreclosures of mortgages against persons who are in the military service of the United States did not cease to be in force or become suspended because of the enactment of the federal Soldiers' and Sailors' Relief Act; the absence from this Act of express reservation to the states of the exercise of their police powers being immaterial. (*Reid* v. *Colorado,* 187 U. S. 137, 47 L. Ed. 108, 23 Sup. Ct. Rep. 92 [see, also, Rose's U. S. Notes]; *Territory* v. *Guyott,* 9 Mont. 46, 22 Pac. 134; *State* v. *Kahn,* 56 Mont. 108, 182 Pac. 107; *State* v. *Wyman,* 56 Mont. 600, 186 Pac. 1; *State ex rel. Stranahan* v. *District Court,* 58 Mont. 684, 194 Pac. 308.)

Under a statute similar to ours, it was held in the case of *Thress* v. *Zemple,* 42 N. D. 599, 9 A. L. R. 1, 174 N. W. 85, that an order of the lower court granting a stay of execution on a judgment rendered against a person in the military service is insufficient, and that the judgment itself must be vacated, the Act expressly declaring that such a judgment shall be "vacated and declared void as a matter of course." In *Strand* v. *Larson* (N. D.), 176 N. W. 736, the law was held to be available to a soldier who has been in actual service, even after his discharge, for the period prescribed by the Act.

In the case of *Konkel* v. *State,* 168 Wis. 335, 170 N. W. 715, it was held that the legislature in passing the state moratory law was not attempting to exercise so-called war power.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for the wrongful foreclosure of a mortgage. Plaintiff recovered judgment

by default, and defendant appealed therefrom and from an order refusing to set aside the default and permit it to answer.

The complaint alleges that plaintiff was in the military service of the United States from June, 1917, until December, 1918, on which latter date he was honorably discharged; that on October 2, 1918, defendant herein commenced an action in the district court of Richland county to foreclose a mortgage which plaintiff had theretofore executed; that such proceedings were taken that on July 1, 1919, the default of this plaintiff was entered, and a decree of foreclosure rendered; that plaintiff was required to, and did, employ an attorney to procure the decree to be set aside, and it was set aside on September 3, 1919; that the reasonable value of the attorney's services was $175; that plaintiff attended the hearing on the motion to set aside the decree, and lost seven days' time to his damage in the sum of $42; that he paid out $28.50 in traveling expenses to attend such hearing; and that he was required to pay $2.50 court costs. These items aggregate $248, and the prayer is that plaintiff recover double that amount. The judgment follows the prayer, and is for $496.

We are not impressed by the argument advanced by [1] defendant that Chapter 104, Laws of 1919, is not operative. If there were any irreconcilable conflict between this Act and the Soldiers' and Sailors' Civil Relief Act (40 U. S. Stat. 440 [U. S. Comp. Stats. 1918; U. S. Comp. Stats. Ann. Supp. 1919, secs. 3078¼a–3078¼ss]), then clearly the federal statute would prevail, at least to the extent of the repugnancy, but the purpose of the two Acts is altogether different. The preamble to the federal statute declares: "For the purpose of enabling the United States the more successfully to prosecute and carry on the war in which it is at present engaged, protection is hereby extended to persons in military service of the United States in order to prevent prejudice or injury to their civil rights during their term of service and to enable them to devote their entire energy to the military needs of the nation, and to this end the following provisions

are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the continuance of the present war," *etc*. That Act is distinctly a war measure designed to protect those in the military service of the government, and thereby enable them to devote their entire energies to the needs of the nation. Chapter 104 was not enacted until March 4, 1919, more than four months after the Armistice was signed. It is not intended to afford protection to persons while in the military service, but, on the contrary, expressly declares that its protection extends only to those who have been honorably discharged. Speaking in general terms, the federal Act protects the soldier while he is in active military service, whereas our state statute extends protection to him for one year after his service has been terminated by an honorable discharge. There is not any substantial conflict between the two Acts. Chapter 104 differs materially from the statute considered in *Konkel* v. *State,* 168 Wis. 335, 170 N. W. 715, or the Oregon Act involved in *Pierrard* v. *Hoch,* 97 Or. 71, 184 Pac. 494, 191 Pac. 328.

In the complaint herein it is alleged that immediately upon [2] securing the decree of foreclosure, this defendant, plaintiff in the foreclosure suit, procured the sheriff to take possession of the mortgaged property. If this allegation be true, the case is brought within the meaning of section 5 of Chapter 104 above. Assuming that the statute in so far as it authorizes [3] the recovery of double damages is penal in character (17 C. J. 997), and that a recovery of more than compensation can be had only in the event that the person causing the damages was guilty of oppression, fraud or malice (*McDonald* v. *Montana Wood Co.,* 14 Mont. 88, 43 Am. St. Rep. 616, 35 Pac. 668), still the complaint herein is not open to the criticism that it does not warrant a recovery of double damages if any damages are recoverable. It is true that plaintiff does not employ any of the statutory terms "oppression, fraud or malice," but if the facts stated give to the acts of the

plaintiff in the foreclosure suit the character of oppression, fraud or malice, the complaint is sufficient, and the allegation that the plaintiff in that action procured the sheriff to take possession of the mortgaged premises before sale necessarily implies that he acted oppressively, for there is not any authority in law for such procedure.

The complaint is subject to other objections lodged against [4] it. It is alleged that plaintiff was compelled to and did employ an attorney to have the decree set aside, and that the attorney's services were of the reasonable value of $175, but it is not anywhere alleged that plaintiff has either paid or become liable to pay that sum or any sum whatever. In principle, the case is governed by *Plymouth Gold Min. Co.* v. *United States F. & G. Co.,* 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.

Actual damages are claimed in the sum of $42 for time lost, [5] and $28.50 for traveling expenses in attending the hearing upon the motion to vacate the foreclosure decree, but it is alleged in this complaint that the motion to vacate the decree was made upon affidavits, so that it appears impossible that plaintiff's presence at the hearing was necessary, and it is elementary that the only damages which he can recover are those which resulted proximately from the defendant's wrongful act.

It is alleged that plaintiff was required to pay $2.50 court [6, 7] costs, and this must refer to his appearance fee in the foreclosure suit. The costs in that action will abide the judgment. If plaintiff herein, defendant in that suit, finally prevails, he will recover his costs as a matter of course. (Sec. 9788, Rev. Codes 1921.) He cannot recover them in that action and also in this one, but whether he does or does not prevail in the foreclosure suit, that item of expense is not a proper element of damages in this action. The foreclosure suit was instituted before Chapter 104 was enacted; hence the commencement of the action was not wrongful. The only

effect of the Act was to stay the entry of a decree until the time therein mentioned expired.

The complaint does not state facts sufficient to constitute a cause of action, and will not support the judgment. The judgment and order are reversed, and the cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed. .

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.