POSTON *v.* EBERT.

MORTGAGES—FORECLOSURE BY ADVERTISEMENT—REDEMPTION PERIOD — EFFECT OF SOLDIERS' AND SAILORS' RELIEF ACT — FEDERAL STATUTES.

> In a suit to redeem from the foreclosure of a mortgage by advertisement under 3 Comp. Laws 1915, chap. 249, after the statutory period of redemption of one year had expired, where plaintiff entered the military service of the United States during the redemption period, the soldiers' and sailors' relief act (40 U. S. Stat. pp. 440-449, U. S. Comp. Stat. Ann. Supp. 1919, § 3078¼*a et seq.*), is construed as operating to exclude the period of military service in measuring the period of redemption, thus by a liberal construction giving effect to the intent of congress to protect those in the military service by the suspension of legal proceedings and transactions which might prejudice their civil rights, although said statute did not in precise terms refer to a limitation or foreclosure such as the instant case.

ON REHEARING.

1. APPEAL AND ERROR—CONSTITUTIONAL LAW—REHEARING.
> Constitutional questions may not be raised for the first time on motion for rehearing.

2. SAME—RIGHTS OF PARTIES NOT BEFORE THE COURT NOT CONSIDERED.
> In denying a motion for a rehearing and reaffirming the right of plaintiff to redeem from the foreclosure of a mortgage on certain lots, the Supreme Court will not consider the rights of purchasers of said lots from the mortgagees to the benefits of 3 Comp. Laws 1915, § 13211 *et seq.*, providing for compensation for improvements; such purchasers not being parties to this proceeding, and the court assuming that, unless the parties come to an adjustment, said question will be raised later in ejectment.

Appeal from Wayne; Webster (Arthur), J. Submitted December 13, 1922. (Docket No. 41.) Decided December 29, 1922. Rehearing denied April 27, 1923.

The question of the soldiers' and sailors' relief act as suspending the operation of the statute of limitations is discussed in a note in 16 A. L. R. 1327.

Bill by Harry P. Poston against Edmund L. Ebert and others to redeem from the foreclosure of a mortgage. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Cohane, Rhodes, Garvett & Frankel* (*Louis Cohane,* of counsel), for plaintiff.

*Elmer H. Groefsema,* for defendants.

CLARK, J. Plaintiff by deed became the owner of 8 lots in Detroit. The deed was subject to "a real estate mortgage in the sum of $200 on each lot or parcel of land aforesaid which the second party hereby assumes and agrees to pay." The mortgagees were Andrew J. Keary and Ella R. Keary, defendants. The mortgage contained a power of sale. Under the provisions of chapter 249, 3 Comp. Laws 1915, relating to foreclosure of mortgages by advertisement, the premises were sold February 5, 1918, to the mortgagees. The sheriff made and executed a deed and delivered it to the register of deeds pursuant to the statute. At the expiration of one year, the period of redemption, the premises not having been redeemed, the register delivered the deed to the purchasers as the law directs. On March 8, 1918, the soldiers' and sailors' civil relief act was approved by the president. 40 U. S. Stat. pp. 440-449 (U. S. Comp. Stat. Ann. Supp. 1919, § 3078¼a *et seq.*) On September 29, 1918, plaintiff entered the military service of the United States, and on May 14, 1919, he was honorably discharged. He filed a bill to redeem from the foreclosure, having tendered the amount due. His bill was dismissed. He has appealed.

In measuring the period of redemption from foreclosure by advertisement should the period of military service be excluded?

We quote three sections of the act:

"SECTION 100. That for the purpose of enabling the United States the more successfully to prosecute and

carry on the war in which it is at present engaged, protection is hereby extended to persons in military service of the United States in order to prevent prejudice or injury to their civil rights, during their term of service and to enable them to devote their entire energy to the military needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the continuance of the present war.

"Sec. 205. That the period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service.

"Sec. 302. (1) That the provisions of this section shall apply only to obligations originating prior to the date of approval of this act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service, the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) Stay the proceedings as provided in this act; or

"(b) Make such other disposition of the case as may be equitable to conserve the interests of all parties.

"3. No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order

of sale previously granted by the court and a return thereto made and approved by the court."

In dismissing the bill Judge Webster said:

"An examination of the soldiers' and sailors' civil relief act has satisfied me that (whether designedly or through oversight) it has failed to cover the case of a statutory redemption period which began to run before the passage of the act. This being true, plaintiff's right to redeem expired February 5, 1919." * * *

His opinion is fully supported by *Taylor* v. *McGregor State Bank,* 144 Minn. 249 (174 N. W. 893), where it was held, quoting from syllabus:

"The act * * * has no application to the non-judicial proceeding for the foreclosure of a real estate mortgage by advertisement, as authorized by our statutes, which was fully completed by a sale of the mortgaged property prior to the commencement of the military service of soldier affected, though the period of redemption had not then expired."

And citing the above case a majority of the court held in *Wood* v. *Vogel,* 204 Ala. 692 (87 South. 174), quoting from syllabus:

"The right of redemption given by Code 1907, § 5746 *et seq.,* from judicial and *quasi*-judicial sales is a mere personal privilege, and must be exercised within the two years prescribed; hence the soldiers' and sailors' relief act (U. S. Comp. Stat. Ann. Supp. 1919, § 3078¼e), declaring that the period of military service shall not be included in computing any period of limitation, does not apply so as to extend the time within which the right of redemption may be exercised."

The act does not in precise terms refer to a limitation or foreclosure such as this. If the act must be strictly construed the opinion of the trial judge and the cases cited are right. But we think the act should be construed liberally to accomplish the congressional purpose indicated in the section quoted. Of a somewhat similar statute it was said in *Stewart* v. *Kahn,* 11 Wall. (U. S.) 493:

"A case may be within the meaning of a statute and not within its letter, and within its letter and not within its meaning. The intention of the lawmaker constitutes the law. The statute is a remedial one and should be construed liberally to carry out the wise and salutary purposes of its enactment."

We quote from *Ozawa* v. *United States*, U. S. Adv. Ops. 1922-23, p. 11, decided November 13, 1922:

"It is the duty of this court to give effect to the intent of congress. Primarily this intent is ascertained by giving the words their natural significance; but if this leads to an unreasonable result, plainly at variance with the policy of the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment, and inquire into its antecedent history, and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail. See *Church of the Holy Trinity* v. *United States,* 143 U. S. 457 (12 Sup. Ct. 511) ; *Heydenfeldt* v. *Mining Co.,* 93 U. S. 634, 638."

Of the act it was said in *Steinfield* v. *Insurance Co.* (N. H.), 112 Atl. 800:

"It was not the legislative intent that the remedial purpose of the act should be defeated by a narrow or technical construction of the language used. *Halle* v. *Cavanaugh,* 79 N. H. 418 (111 Atl. 76)."

And see *Clark* v. *National Bank,* 282 Fed. 589. The provision of our statute limiting the right of redemption from this foreclosure of mortgage to one year is not strictly a limitation of action. But relative to like limitations in analogous cases the act has been construed liberally and, we think, rightly.

In *Kuehn* v. *Neugebauer* (Tex. Civ. App.), 216 S. W. 259, it was said:

"On April 25, 1918, this cause was reversed and was remanded to the district court of Hays county for a new trial. 204 S. W. 369. No motion for rehearing was ever filed. A few days prior to August 30, 1919, the appellee paid the costs of the appeal, and requested the clerk of this court to issue a mandate

to the trial court, in order that he might proceed with
the prosecution of the cause, which request was re-
fused by the clerk, upon the ground that the costs had
not been paid within one year from the date of the
judgment of this court, as required by article 1559,
Revised Statutes."

And held, quoting from syllabus:

"Soldiers' and sailors' civil relief act   *   *   *
authorizes the appellate court to grant a motion of an
appellee, requesting it to instruct the clerk to issue
a mandate, although costs had not been paid within
one year from the reversal of a judgment in favor
of appellee, it appearing that appellee entered the
military service of the United States, before he became
aware of reversal of his judgment, and served overseas
until within three months of filing his motion, not-
withstanding Rev. Stat. 1911, art. 1559, which leaves
the appellate court without discretion to order the
issuance of the mandate when costs are not paid
within the year."

And also said:

"The writer thinks it is proper to add that he is
of the opinion that article 3078¼e, relating to limita-
tions of actions, is also applicable to this case, and that
the time limited by article 1559 for the payment of
costs of an appeal and the taking out of a mandate
did not run against appellee during the period of
his military service. It is appreciated that this case
probably does not fall within the strict letter of the
last-named section (205), and that it would be giving
it a very liberal construction to hold it applicable here.
However, in view of the broad purposes of the act ex-
pressed in the first section and the remedial nature of
every provision in it, it is believed by the writer that
the subject-matter of this motion falls within the spirit
of article 3078¼e, without further elaboration of the
question."

In *Halle* v. *Cavanaugh, supra,* there was motion to
abate an action. The plaintiff died in the May term.
The second term thereafter was the January term.
The statute of that State provided that the adminis-
trator had two full terms in which to appear and
assume prosecution of the suit. No one appearing, the

motion to abate was granted. The plaintiff's husband was the executor of her will. He had been drafted into the military service of the United States. That fact was relied upon under the act to toll the statute. The court said:

"The question here is whether this right to appear and prosecute a pending suit, which would abate but for such appearance, is covered by the Federal statute, which in terms applies to 'The bringing of any action.' There is no other provision in the Federal act which would afford any relief to the person so situated. The general purpose of that statute is declared to be to extend protection to persons in the military service to prevent prejudice or injury to their civil rights during their term of service. *Id.* § 100. In view of this declared object, it is reasonable to conclude that the intent was to include the procedure here involved. It follows that the husband had two full terms of court after the death of his wife, and exclusive of the time he was in the service in which to appear as an individual and assume the prosecution of this suit."

Also:

"The purpose of this act was the protection of persons in the military service of the United States, to prevent prejudice to their civil rights during their term of service by making provision for the *temporary suspension of legal proceedings and transactions relating thereto.*" (Italics supplied.)

In the *Steinfield Case* the action was assumpsit on a policy of indemnity insurance. The policy provided that suit must be brought within 90 days after payment of loss. The suit was brought about 5 months after such payment but during this period plaintiff was in the military service. The section of the statute relied upon was section 205 above quoted. Defendant contended that the time for bringing suit was limited by the contract and not by "any law" and that therefore the statute did not apply. It was held:

"The application of the Federal act is not limited to statutory provisions. It applies to all law, and

provides, in substance, that notwithstanding the State law limits the action as by contract agreed, that law shall not apply while the plaintiff is in the service."

And for instructive cases relative to the act see *Hoffman* v. *Savings Bank,* 231 Mass. 324 (121 N. E. 15) ; *Morse* v. *Stober,* 233 Mass. 223 (123 N. E. 780, 9 A. L. R. 78) ; *John Hancock Mut. Life Ins. Co.* v. *Lester,* 234 Mass. 559 (125 N. E. 594) ; *Olson* v. *Gowan Lenning Brown Co.* (N. D.), 182 N. W. 929; *Studt* v. *Trueblood,* 190 Iowa, 1225 (181 N. W. 445) ; *Pierrard* v. *Hoch,* 97 Or. 71 (191 Pac. 328) ; *Great Barrington Sav. Bank* v. *Brown* (Mass.), 132 N. E. 398; *Erickson* v. *Macey,* 231 N. Y. 86 (131 N. E. 744, 16 A. L. R. 1322) ; *Hickernell* v. *Gregory* (Tex. Civ. App.), 224 S. W. 691; *Austby* v. *Mortgage Co.* (Mont.), 207 Pac. 631; *Lewis* v. *Publishing Co.* (Kan.), 208 Pac. 254; *Konkel* v. *State,* 168 Wis. 335 (170 N. W. 715) ; 16 A. L. R. 1327; 9 A. L. R. 1, 78.

And the statutes of the State must yield to the act. *Konkel* v. *State, supra.*

Had the foreclosure been in chancery (3 Comp. Laws 1915, § 12676 *et seq.*), and had plaintiff's induction into the service occurred during the period of redemption there limited, the court, as was said in the *Kuehn Case,* might have and doubtless would have entered an order staying the execution of its decree upon proper application or upon its own motion upon being apprised of requisite facts. No reason appears why the act should be applied to a chancery foreclosure and not to a foreclosure by advertisement. And we think the act should be held to apply to the statutory limitation for redemption in the case at bar. The protection of those in the service by the suspension of *legal proceedings and transactions* which might prejudice their civil rights was the prime purpose of the act. We give effect here to the congressional intent by answering the above question affirmatively.

Defendant Ebert, his counsel says, "does not claim to be a *bona fide* purchaser for value without notice."

The opinion of the trial judge correctly disposes of another question raised, which we need not discuss.

The decree is reversed. Decree will be entered here permitting redemption upon payment to defendants or to the clerk of this court of the amount of principal due, expenses of the foreclosure and unpaid interest to the date of the tender (the amount we hope will be agreed upon by counsel, or it may be determined upon settlement of the decree), and setting aside the sheriff's deed and the deed to Ebert, with costs of both courts to plaintiff.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.

## ON REHEARING.

PER CURIAM. A motion for rehearing has been filed. In it constitutional questions are discussed which were not urged in the original brief. Under numerous decisions of this court, constitutional questions may not be raised for the first time on motion for rehearing. It is also made to appear that the lots involved have been sold and substantial houses erected on them. The purchasers, however, are not before us. They are in possession. Unless the parties come to an adjustment, we may assume plaintiff will bring ejectment to recover possession. In such action the question of whether such purchasers are entitled to the benefits of 3 Comp. Laws 1915, § 13211 *et seq.*, and, if so, to what extent, will be before the court. Such purchasers not being parties to this proceeding their rights cannot be here adjudicated.

The motion for rehearing will be denied.