

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. E. Wood, Chairman
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

> Opinion No. O-2121
> Re: Conflict between Article 929
>     and Section 1e of Article 941,
>     Vernon's Annotated Penal Code.

Thank you for your letter of March 21, 1940, supplemented by your letter of March 29, 1940, requesting the opinion of this department as to the law of this State regulating the size of certain fish in view of the possible conflict between Article 929, Vernon's Annotated Penal Code and Section 1e of Article 941, Vernon's Annotated Penal Code. We also acknowledge with appreciation receipt of a letter dated March 25, 1940, from Honorable Charles Murphy, Attorney at Law, Union National Bank Building, Houston, Texas, with reference to the matter under consideration.

After stating the circumstances which brought about your request for an opinion, you ask the following questions:

> "1. Are both Arts. 929 of our Penal Code, and Sec. 1e of Art. 941 void because they are in conflict with each other?

> "2. Is all of Art. 929 of the Penal Code valid and binding except that portion of same which is in conflict with Sec. 1e of Art. 941 of the Penal Code?

> "3. Where Sec. 1e of Art. 941 is in conflict with Art. 929, does said Section 1e control, or are both invalid because they are partially in conflict with each

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. E. Wood, Chairman, Page 2

other?

"4. Sec. 1e of Art. 941, being the last Act of the Legislature and being partially in conflict with Art. 929, of the Penal Code, is that portion of Art. 941, Sec. 1e, which is in conflict with Art. 929, valid and binding, and did the Legislature impliedly repeal the portion of Art. 929 that is in conflict with Sec. 1e?"

Article 929 of the Penal Code of 1925, reads as follows:

"Art. 929. It shall be unlawful for any person to sell, or offer for sale, or to have in his possession, or to have on board any boat or to have in any mercantile business establishment, or in any market where merchandise is disposed of, any redfish or channel bass of greater length than thirty-two inches, or less than fourteen inches; any salt water or speckled sea trout of less length than twelve inches; any sheephead of less than nine inches in length; any flounder of less than twelve inches; any pompano of less than nine inches in length; any mackerel of less than fourteen inches in length, and any salt water gaff-topsail of less than eleven inches in length.

"The place of sale or offering for sale or possession shall for the purpose of this chapter to establish venue, be either the place from which such fish are shipped, or where the fish are found, or offered for sale. It shall be unlawful in selling or offering for sale any fish mentioned in this article to sever the head from the body, except in case of the redfish and catfish in which case the head shall only be severed through the gill-cavity and the gill-fins shall remain on the body of such redfish or catfish. Such headless body of a redfish shall not measure more than twenty-seven inches in length, and such headless body of a catfish shall not measure less than eight inches in

Honorable A. E. Wood, Chairman, Page 3

length; and all fish marketed or sold as
mentioned in this article, must be weighed
and sold with the head attached, except redfish
and catfish as mentioned herein.

"Any person violating any of the provisions
of this article shall be deemed guilty of a mis-
demeanor and upon conviction shall be fined a
sum not less than ten ($10.00) dollars nor more
than fifty ($50.00) dollars."

Section 1e of Article 941, Vernon's Annotated
Penal Code, as amended, Acts 1929, 41st Legislature, p. 269,
ch. 119; and as subsequently amended, Acts 1930, 41st Legis-
lature, 5th Called Session, p. 130, ch. 13, sec. 1, reads as
follows:

"Sec. 1e. Provided, that it shall be
unlawful for any person to take, or have in
his possession in this State, any speckled sea
trout of less length than twelve inches, any
red fish of less length than twelve inches, or
of greater length than thirty-two inches, or
any drum of less length than eight inches or
greater length than twenty inches, any flounder
of less length than twelve inches, or any sheep-
head of less length than eight inches. (As
amended Acts 1929, 41st Leg., p. 269, ch. 119;
Acts 1930, 41st Leg., 5th C. S., p. 130, ch. 13
§ 1.)"

It is apparent that these two Statutes passed at
different sessions of the Legislature conflict in some partic-
ulars. The extent of those conflicts may be more apparent
when these two enactments are placed side by side in the form
of a table, thus:

Article 929 | Article 941, Sec. 1e

(To sell, offer for sale, have in possession, have on board boat, in mercantile establishment or market prohibited)

(Take or have in possession prohibited)

1. Redfish -- 14-32
2. Channel bass -- 14-32
3. Salt water sea trout -- 12

1. Redfish -- 12-32
2.
3.

Honorable A. E. Wood, Chairman, Page 4

| Article 929 (Con't.) | | | Article 941, Sec. 1e (Con't.) | | |
|---|---|---|---|---|---|
| 4. | Speckled sea trout -- | 12 | 4. | Speckled sea trout-- | 12 |
| 5. | Sheephead -- | 9 | 5. | Sheephead -- | 8 |
| 6. | Flounder -- | 12 | 6. | Flounder -- | 12 |
| 7. | Pompano -- | 9 | 7. | | |
| 8. | Mackerel -- | 14 | 8. | | |
| 9. | Salt water gaff-topsail -- | 11 | 9. | | |
| 10. | Headless redfish -- | 27 | 10. | | |
| 11. | Headless catfish -- | 8 | 11. | | |
| 12. | | | 12. | Drum -- | 8-20 |

Penalty

$10.00 -- $50.00

Penalty

$25.00 -- $100.00
$100.00 -- $200.00
Fisherman's or dealer's
license cancelled.

Article 929 of the Penal Code is a general law. So also is Article 941. Stephensen v. Wood (Comm. App.), 119 Tex. 564, 34 S. W. (2d) 246. Consequently, it may be seen from the above table that we have two general statutes relating to the same subject matter, namely, the size of certain fish. How should these two enactments which are in pari materia be construed?

The rule for construing conflicting enactments on the same subject is clearly stated in Section 73 of Vol. 39 of Texas Jurisprudence as follows:

"Although it contains no repealing clause, a new enactment abrogates any former act on the same subject, with which it clearly and manifestly conflicts to the extent of the inconsistency or repugnancy between the two".

See also 59 C. J. 910.

The rule stated above is well settled in Texas, and while implied repeals are not favored, and the courts will make every effort to harmonize seemingly conflicting statutes, if certain portions of different enactments are in conflict the last enactment will supersede and control the former to the

Honorable A. E. Wood, Chairman, Page 5

extent of the conflict or inconsistency. Citizens National Bank of Waco v. Del Rio Bank and Trust Company (C. C. A., 1928) 11 S. W. (2d) 242; Chiles v. The State, 1 Tex. Cr. R. 27; Ragazine v. State, 47 Tex. Cr. R. 46, 84 S. W. 832; Whittenberg v. Craven (Comm. App.) 258 S. W. 152, rev. 216 S. W. 251.

As stated in Southern Construction Co. v. Halliburton, 149 Tenn. 319, 258 S. W. 409, "although a later act may not cover the entire subject matter of an earlier act, nor purport to provide a new system, if the latter act is repugnant on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict." This is also the rule in Texas. See Conley v. Daughters of the Republic, 106 Tex. 80, 157 S. W. 937; Railway v. Wimberly, 19 S. W. (2d) 604; Garison v. Richards, 107 S. W. 861; Jessee v. DeShong, 105 S. W. 1011.

In Texas Pacific Railway Company v. Wimberly, et al (C.C.A., 1929) 19 S. W. (2d) 604, a conflict existed between Sections 23 and 25 of Article 1995, Revised Civil Statutes, with respect to venue in personal injury suits against railroad corporations, and the court said:

"The latter act did not expressly repeal or modify the former, but superseded it in all cases to which both applied. Cases which were not provided for in the Act of 1901 continued to be controlled by the former more comprehensive act. Repeals by implication extend only so far as there may be a conflict between the two laws. Where there is no conflict, the earlier law is not affected by the latter."

Consequently, it is the opinion of this department and you are respectfully advised that in so far as the prohibition against one taking or having in his possession redfish, (except headless redfish), speckled sea trout, sheephead, flounder, or drum is concerned Section 1e of Article 941, Vernon's Annotated Penal Code, controls and supersedes Article 929 of the Penal Code and the penalties provided in Article 941 of Vernon's Annotated Penal Code are applicable. In all other respects, Article 929 of the Penal Code has been left intact, and the penalties therein provided are applicable to all such violations.

We appreciate having our attention called to the case of Moran v. The State (Ct. Cr. App., 1938), 122 S. W. (2d) 318. In that case different provisions of the "Texas

Honorable A. E. Wood, Chairman, Page 6

Liquor Control Act" provided different penalties for the same criminal act, and the court held neither provision was operative because of this indefiniteness. However, as the court pointed out on motion for rehearing:

> "We are not dealing with repugnant statutes passed at different dates where the one last enacted might control. See cases cited in Note 8, under Art. 7, Vernon's Annotated Texas Penal Code, Vol. 1. We are confronted with repugnant provisions of the same law enacted at the same time and in the same bill."

For the reasons stated by the court, we do not feel that this case is applicable to the situation set forth in your letter where we are concerned with conflicting provisions of Acts of the Legislature passed at different sessions. We believe that the case of Robertson v. State, 70 Tex. Cr. R. 310, 159 S. W. 713, is more nearly in point. In that case it was contended that since one article of the Penal Code made an act a misdemeanor punishable by fine only which another and later article made a felony punishable by imprisonment in the pentitentiary, the two were in fatal conflict and nullified each other. This contention was overruled, and it was held that the last enactment of the Legislature controlled to the extent of any conflict, thus making an act once a misdemeanor now a felony.

Your questions are therefore answered as follows:

1. No.

2. Yes.

3. Section 1e of Article 941 controls.

4. Yes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

APPROVED APR 11, 1940

_Gerald C. Mann_
FIRST ASSISTANT
ATTORNEY GENERAL

JDS:RS

APPROVED
OPINION
COMMITTEE
BY BWB