SOLOMON DOWNER *v.* CHRISTOPHER C. ROWELL.

*Trover.    Conversion.    Evidence.*

If A. sell to B. sheep, that B. had before leased to A., and at the time of the sale B. knew that they were the same sheep he had leased A., it is not a conversion of the sheep so sold, and B. cannot maintain trover against A. for the sheep.

The old rule, that the witness must be able to swear from memory, is now pretty much exploded, and all that is now required is, that the witness shall be able to state, that the memorandum is correct; he may then read it.

TROVER for sheep and wool.    Plea, the general issue and trial by jury.

On trial the plaintiff introduced testimony tending to prove, that on the first day of November, A. D. 1840, he delivered to the defendant and one Jabesh Hunter, since deceased, one hundred and eleven sheep, and took their receipt in writing for the same, by the terms of which they were to redeliver the same sheep, or others in their stead, as good as they were, in three years from the date of said receipt, and pay yearly fifty-five and one-half pounds of wool, as rent for the same.    The defendant also proved a demand of the sheep and wool in May, 1847, previous to the service of the writ.

The defendant offered evidence tending to prove, that plaintiff purchased of him in the fall of 1841, a flock of sheep, and that this flock included all the sheep that he then had, and that among this flock, so purchased by the plaintiff of the defendant were the same sheep, or a part of the same so leased to defendant and said Hunter, in the fall of 1840.    That the plaintiff at the time of the purchase of said sheep paid the defendant the money for all said sheep, except a small sum for which he gave defendant his note.

The defendant offered Andrew Tracy, one of the counsel for the plaintiff, as a witness, to prove the testimony of one Bani Udall and one Joab Dimick, witnesses who testified in this case on a former trial, but have since deceased. Mr. Tracy stated, that after having examined his minutes taken on said trial to refresh his memory, that he could from recollection give the substance of the testimony of said Udall *in chief*, but that he could not state the substances of the testimony of said Udall *in chief* and *on cross examination*, without reading from his minutes taken on said former trial. To this the plaintiff objected, but the court overruled the objection and allowed said Tracy to state by reference to his minutes the testimony of said Udall and Dimick.

The plaintiff requested the court to charge the jury, that if they found that the plaintiff did in fact receive from the defendant, in the fall of 1841, the same sheep, or any of the same, so leased to the defendant and said Hunter in November, 1840, still, if the plaintiff purchased said sheep and *paid the defendant* therefor, that the defendant, by selling said sheep and receiving pay therefor was guilty of a conversion of the same, and that the plaintiff was entitled to recover. The court declined so to instruct the jury as requested, but did instruct them that if the defendant sold said sheep or any part thereof to the plaintiff, and the plaintiff at the time of such purchase knew that they were the same sheep so leased to the defendant and said Hunter, that the plaintiff was not entitled to recover for such sheep as were so sold and delivered back to plaintiff. The jury returned a verdict for defendant.

To the charge of the court, and the admission of said Tracy as a witness, the plaintiff excepted.

*Tracy & Converse* and *W. C. French* for plaintiff.

1. The court erred in allowing Mr. Tracy to read his minutes. The rule is, that a witness has a right to *refresh his memory* by the use of a written instrument, memorandum, or entry in a book. But after having so refreshed his memory, he must be able to state the facts *from recollection*. 1 Phil. on Ev. 226. 1 Greenleaf on Ev. § 436. *Sandwell* v. *Sandwell*, 3 T. R. 752. 8 East 284, 289. 1 Cow. & Hill's notes, 528.

In some cases, where a witness is enabled to state that he *knows the contents of the writing to be correct*, although he at the

time has no independent recollection of the facts stated in it, yet he is permitted to testify. Further than this the rule has never been carried; and in such cases, the writing is not made *evidence of itself.* 1 Greenleaf on Ev. § 437 and cases cited. Cowen & Hill's notes to Phil. Ev. § 528, p. 750.

It is a well settled rule, that the witness must be able to state the *whole* of the testimony of the deceased witness; not only his examination *in chief,* but his *cross examination.* 1 Greenleaf on Ev. § 165. *Wolf* v. *Wyeth,* 11 S. & R. 149. *Com.* v. *Richards,* 18 Pick. 434.

2. The sale of the sheep, by Rowell, was a conversion. *Grant* v. *King et al.,* 14 Vt. 367. *Swift* v. *Moseley et al.,* 10 Vt. 208.

The case is made to turn upon plaintiff's *knowledge,* that they were the same sheep. In analogous cases it is held, that this makes no difference, as when property is *distrained* and the owner is compelled to pay money to redeem it. 6 T. R. 298. 1 Swift's Dig. 538.

This case is not like that class of cases in which *acquiescence is presumed,* where the rights of *third persons* are concerned; as when a person stands by and allows another to sell his property. In such case the owner cannot recover of the vendee. But this is upon the ground, that it would be allowing the party to commit a fraud upon an innocent purchaser. 3 Steph. N. P. 2677.— *Gregg* v. *Wells,* 10 Adol. & Ellis 90.

*J. Barrett* for defendant.

1. Unless plaintiff's right of possession be violated, *trover* does not lie. Defendant had the right of possession under the contract up to the time of the alledged sale and redelivery of the sheep to plaintiff. When plaintiff became repossessed of the sheep, the defendant was not thereafter holding them in violation of plaintiff's right.

When was the alledged conversion? A refusal to deliver on demand is not *evidence* of conversion, unless it be shown to be in defendant's power to deliver the property. *Rice* v. *Clark,* 8 Vt. 109. Text-books *passim.*

Take Justice BULLER's account of *trover,* as being "a special "action on the case, which one may have against another, who "hath in his possession any of his goods by delivery, finding or

"otherwise, or sells or makes use of them without his consent, or "refuses to deliver them on demand." Buller's N. P. 32.

Disposing of the sheep with such consent either to Downer or any one else was not conversion. *Knapp et al.* v. *Winchester*, 11 Vt. 351.

The most that can be said is, that the repurchase by plaintiff was settling between the parties, that the defendant was not to return the *specific sheep*, and was to be accountable under his contract only *for other like sheep*. That accountability is not the subject of *trover*.

2. The evidence given by Mr. Tracy was admissible. The law of the subject is stated in 1 Greenleaf Ev. § §.165, 166. *Glass* v. *Beach*, 5 Vt. 172. *State* v. *Hooker*, 17 Vt. 658. *Marsh* v. *Jones*, 21 Vt. 378.

By THE COURT. 1. It is objected, that the court erred in refusing to charge the jury, that selling the sheep or part of them to the plaintiff, he knowing them, at the time, to be the same sheep he had leased to defendant, was a conversion of the sheep so sold. But we think this portion of the charge was correct. A sale *ex vi termini* implies the consent of both parties, the *aggregatio mentium*, as much as any other contract. It could not, therefore, be fairly said, that this property, by the very act of sale to plaintiff, was converted *from* his use and *to* the use of defendant, which is necessary to maintain this action.

2. The testimony of Mr. Tracy is not fully detailed, but the excepting party is bound to state any defect in the case, upon which he relies, fully. The manner of Mr. Tracy's taking minutes, or his confidence in their accuracy, is not stated. As we are bound to make reasonable presumptions in favor of the proceedings below, we must suppose the minutes of Mr. Tracy were kept in the usual mode, that is, that they contained the *substance* of all the testimony of the witness, in the very words of the witness, and that the witness knew this to be the fact, either from recollection or from his usual mode of taking minutes. If that was the case, it will bring the minutes within the rule laid down in the cases in this State. *Marsh* v. *Jones*, 21 Vt. 378.

And the consideration, that the witness could not swear from memory, is not, at present, regarded as important. All that is

required is, that the witness shall be able to state, that the memorandum is correct. He may then read it, as well as repeat it. The certainty of its contents being the truth·is not affected by that, either way. Where a transaction is remote, out of mind, or consists of a multiplicity of facts, a detail of dates, sums, &c., or a long narrative, like the testimony of a witness, where certainty is desirable, nothing could be satisfactory but minutes made at the time. Hence the old rule, that the witness must be able to swear from memory, is now pretty much exploded.

Judgment affirmed.