## CHARLES F. WHITTON *vs.* ANSEL D. WASS.

If a person domiciled in this state becomes liable for a debt when absent therefrom, the statute of limitations begins to run in his favor, under the Gen. Sts. *c.* 155, § 9, as soon as he returns openly to the state, although his creditor does not know of his return, and he has no property here which can be attached; and absences from the state on military service are not to be deducted from the time of limitation, if he retains his domicil here.

CONTRACT on a promissory note, dated February 18, 1861, payable four months after date. Writ dated April 1, 1868. The answer set up the statute of limitations.

At the trial in the superior court, before *Reed*, J., the making of the note was admitted, and the evidence tended to show that the defendant's domicil was in Boston from the year 1858 ; that

at the breaking out of the rebellion he went into the army, and at the time the note became due was absent from the Commonwealth on military service; that he returned to Boston in August 1861 with his regiment; that after remaining about one month he reënlisted, and continued in the service to about the close of the war, occasionally coming to Boston during the time for longer or shorter periods, none of them being for more than four months, and only two for more than one month; that during the term of his service he kept his rooms at the house in Boston where he had boarded, and when in Boston occupied it, keeping his key to the house, and leaving therein his personal effects, except such as he carried with him; that it was his intention to keep his domicil in Boston; that during this time he never intended to change it; and that he left no attachable property in the Commonwealth. The plaintiff contended that the period of these absences of the defendant from the Commonwealth should be deducted from the six years. If they were so deducted, six years had not elapsed from the time when the cause of action accrued to the date of the writ.

The plaintiff requested the judge to rule, "that, in order to have the statute commence running by the return of the defendant in August 1861, or on later occasions, it was incumbent upon the defendant to show that the plaintiff knew of his return, or might by the use of reasonable diligence have known of it; that unless the defendant, when he left the Commonwealth, left property that could be attached, or left a last and usual place of abode within the Commonwealth, so that process could be served upon him, the statute did not run during his absence; and that, if the defendant was without the Commonwealth at the time the note matured, the statute did not begin to run until he returned within the Commonwealth."

The judge refused to give any of the instructions asked for, but instructed the jury in terms to which no exception was taken, as to what constituted a domicil and the methods of acquiring and losing the same; " that if the defendant was a citizen of Massachusetts, having his domicil in this Commonwealth at the time when the note in question became due, and returned to the Com-

monwealth in the August following, and thereafter retained his domicil in the Commonwealth for the period of more than six years, the statute of limitations would constitute a bar to this suit, although for portions of that six years he was for temporary purposes absent from the Commonwealth ; that the cause of action declared on accrued at the maturity of the note ; that it was of no consequence whether the defendant left, during temporary absences, attachable property here, or not ; that, unless the defendant's return in August 1861, and his then stay in the city, were secret, if his domicil was then and had before been in Boston, the statute then began to run ; and that, if these absences were for a temporary purpose, and it was the intention of the defendant all the time to return, and he retained his domicil here, it was of no consequence whether he enlisted for one year or three years." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. Lund,* for the plaintiff. 1. The statute did not run in favor of the defendant until the plaintiff knew of his return, as the defendant left no attachable property here. *Little* v. *Blunt,* 16 Pick. 359. *Fowler* v. *Hunt,* 10 Johns. 464.

2. The statute does not run in favor of a debtor while he resides out of the Commonwealth, although his domicil is here. Gen. Sts. *c.* 155, § 9.* *Stanley* v. *Bernes,* 3 Hagg. Eccl. 373, 437. *Harvard College* v. *Gore,* 5 Pick. 370. *Sears* v. *Boston,* 1 Met. 250. *In re Thompson,* 1 Wend. 43. *Hackett* v. *Kendall,* 23 Verm. 275.

*J . W. Reed,* for the defendant.

COLT, J. The instructions given were sufficiently favorable to the plaintiff, and were all that were required by the evidence in the case. The jury, under them, must have found that the de-

---

\* The Gen. Sts. *c.* 155, § 9, provide that " if, at the time when any cause of action mentioned in this chapter accrues against a person, he is out of the state, the action may be commenced within the time herein limited therefor, after he comes into the state; and if, after a cause of action has accrued, the person against whom it has accrued is absent from and resides out of the state, the time of his absence shall not be taken as part of the time limited for the commencement of the action."

fendant had his domicil in this Commonwealth at the time the note in suit became due, and that, although he was out of the state at that particular time, yet he openly returned in August following, and retained his domicil here, notwithstanding some absences, for more than six years prior to the commencement of this suit.

This makes the statute of limitations a bar to this action. After the statute begins to run in favor of a party whose domicil is here, there is to be no deduction for absences which do not amount to a change of domicil. *Collester* v. *Hailey*, 6 Gray, 517. *Langdon* v. *Doud*, 10 Allen, 434.

At the time when the cause of action accrued, the defendant was out of the state. In such case, it is provided that the action may be commenced within six years after the return into the state. Gen. Sts. *c.* 155, § 9. The judge gave to the plaintiff the most favorable construction of the phrase " out of the state," as used in the statute, and ruled that the time would begin to run from such return, if the defendant's domicil was then and had before been in Boston, unless the return and stay here were secret.

The plaintiff claimed that the time would not begin to run unless it was shown that he knew of the return, or might with reasonable diligence have known it; and now relies upon *Little* v. *Blunt*, 16 Pick. 359, in support of the proposition. But the rule there laid down was under the St. of 1786, *c.* 52, and with reference to a defendant who had no domicil here when the cause of action accrued. Important changes were introduced into the statutes of limitations by the Rev. Sts. *c.* 120, § 9, and justify the refusal to rule as requested upon this point. Formerly a return into the Commonwealth, even by a party who had never resided here, was sufficient to cause the period of limitation to commence and continue to run till the bar should be complete ; but under the new provision such return is to be followed by six years' residence. The plaintiff is not injured by the instruction that a return openly made, followed by the residence required, was sufficient. Per Bigelow, C. J., in *Milton* v. *Babson*, 6 Allen, 822.

The last instruction asked was substantially given, and the exceptions to the refusal to give other instructions asked for at the trial are not now insisted on. *Exceptions overruled.*