## DAVIS AND WHITAKER v. JOHN FIELD.

*Statute of Limitations. Residence. Grand Lists used as Evidence to refresh recollections of Witness.*

1. The question being whether the Statute of Limitations had run on a note due from the defendant, and this turning on the question of residence, *it was held* that the grand lists containing the defendant's personal list were admissible to refresh the recollection of the listers who had signed and sworn to them, but who did not make them, and who had no recollection of the defendant. The court did not decide whether they were admissible as substantive evidence.
2. If a debtor, residing out of the State when the cause of action accrues against him, comes to dwell and reside permanently in the State, it is not necessary that the creditor have knowledge of this fact in order to set the Statute of Limitations in operation; it is enough if he can acquire such knowledge by the exercise of reasonable diligence.

ASSUMPSIT on note. Pleas, general issue and Statute of Limitations. Heard on a referee's report and amendment thereto, December Term, 1882, TAFT, J., presiding. Judgment for the defendant. It was found by the referee, that when the note in question was executed the defendant resided in another State; that the note was executed in this State; that subsequently the defendant came and resided here six years before the commencement of this action; that it did not appear affirmatively that the plaintiffs had knowledge of the defendant's return, but that it was "open and without concealment," and that the plaintiff Whitaker lived in the vicinity where the defendant did, and could have known of his return " by ordinary diligence;" that there was no proof that the defendant paid any taxes assessed on the said lists; that he had no attachable property; that Dudley and Story, the listers, were the only listers who testified; that Dudley testified that the lists were not in his handwriting, but were signed and sworn to by him; and that he had no particular

Davis and Whitaker *v.* Field.

recollection of taking the defendant's lists, or of seeing him, during those years.

*Gilbert A. Davis,* for the plaintiffs.

It was error to admit the grand list. It was hearsay. *Oatman* v. *Andrew,* 43 Vt. 466; *Hulett* v. *Hulett,* 37 Vt. 581; *Lyman* v. *Fisk,* 17 Pick. 231; *Doe* v. *Smith,* v. *Cartwright,* 1 C & P. 218. The lists were not admissible as memoranda. *Briggs* v. *Georgia,* 15 Vt. 61; *Hodding* v. *Orcutt,* 44 Vt. 54; *C. Ross* v. *Bartholomew,* 41 Vt. 206. To set the Statute of Limitation in operation the plaintiff must have knowledge that the defendant has come into the State. *Mazozon* v. *Foot,* 1 Aik. 282; *Hill* v. *Bellows,* 15 Vt. 727. The dicta of the court in *Hull* v. *Nesmith,* 28 Vt. 791, is not law. PECK, J., in *Davis* v. *Marshall,* 37 Vt. 69; *Hackett* v. *Kendall,* 23 Vt. 275; *Roxford* v. *Miller,* 49 Vt. 319.

*William Batchelder,* for the defendant.

The opinion of the court was delivered by

ROWELL, J. It is contended that the grand lists were not substantive evidence on the question of defendant's residence in this State. Such is the law in Massachusetts: *Mead* v. *Roxborough,* 11 Cush. 362; *Commonwealth* v. *Heffron,* 102 Mass. 148; *Sewall* v. *Sewall,* 122 Mass. 156. But we do not find it necessary to decide that question here, because it appears from the supplemental report that the referee did not base his finding of defendant's residence at all upon the lists as substantive evidence, but "upon the testimony of Dudley and Strong, refreshed and made more positive in the case of the former by the lists as memoranda of what he did as lister, and other testimony," etc. But it is objected to their admissibility for the purpose of refreshing recollection that they were not made by either Dudley or Strong; that neither had any recollection of defendant in any of the years in question; and that they did not

in fact refresh the memory. But we think they were admissible for this purpose. The witnesses were officially concerned in making the lists to which they referred, and signed and swore to them. This amounted to saying that in the time of it they knew they were correctly made. It is not necessary that they should have been in the handwriting of the witnesses. *Commonwealth* v. *Ford*, 130 Mass. 64; *Huff* v. *Bennett*, 6 N. Y. 337; *Henry* v. *Lee*, 2 Chit. 124; 1 Whart. Ev. s. 516.

Nor was it necessary that the witnesses should have had an independent recollection of having seen the defendant in the years in question or of having taken his list. In *Mattocks* v. *Lyman*, 16 Vt. 113, a witness was allowed to testify to his supposition and belief as to the time when a transaction took place, although he had no recollection as to the time independent of his cash-book. A notary's belief that protest and notice were given, based on his entry in his books, his habit being to make such entry on the happening of the event, is evidence, though he has no recollection of the fact independent of his books. The same rule applies to a surveyor's field-book used to refresh his memory. 1 Whart. Ev. s. 518. In *Maugham* v. *Hubbard*, 8 B. & C. 14, a witness called to prove the receipt of a sum of money was shown an acknowledgement of the receipt thereof signed by himself, and on seeing it said he had no doubt he received the money, though he had no recollection of it. Held sufficient parol evidence of the payment of the money. It is not generally necessary that an attesting witness should be able to recollect the circumstances attending his attestation, nor the fact that he saw the maker of the instrument sign it. It is enough *prima facie* if he swears to his signature, and that it would not have been affixed but for the purpose of attestation: 1 Whart. Ev. s. 739; *Alvord* v. *Collin*, 20 Pick. 418; *Burling* v. *Paterson*, 9 C. & P. 570.

The old notion that the witness must be able to swear from memory is pretty much exploded. All that is required, is, that he be able to swear that the memorandum is correct. *Downer* v. *Rowell*, 24 Vt. 343.

Davis and Whitaker *v.* Field.

There seems to be two classes of cases on this subject: 1. Where the witness, by referring to the memorandum, has his memory quickened and refreshed thereby, so that he is enabled to swear to an actual recollection ; 2. Where the witness, after referring to the memorandum, undertakes to swear to the fact, yet not because he remembers it, but because of his confidence in the correctness of the memorandum. In both cases the oath of the witness is the primary, substantive evidence relied upon ; in the former, the oath being grounded on actual recollection, and in the latter, on the faith reposed in the verity of the memorandum, in which case, in order to judge of the credibility of the oath and the reliance to be placed upon the testimony of the witness, the memorandum must be original and contemporary and produced in court. The testimony objected to comes within this latter class.

But there is another answer to the objection that the lists did not in fact refresh the recollection of the witnesses, and that is, if they did not, they did no harm, as their testimony would have been just as positive without them as with them, in which event the referee reports that his finding would have been the same.

If a debtor, residing out of the State when a cause of action accrues against him, comes into the State temporarily, with no intention of residing here, the creditor not knowing thereof, the Statute of Limitations is not thereby set in operation : *Mazozon* v. *Foot,* 1 Aik. 282 ; *Hill* v. *Bellows,* 15 Vt. 727. But when the " coming " is to dwell and reside permanently, it is not necessary in order to set the statute in operation that the creditor should have knowledge thereof; it is enough if he can acquire such knowledge by the exercise of reasonable diligence : SKINNER, C. J., in *Mazozon* v. *Foot,* 1 Aik. 282 ; REDFIELD, C. J , in *Hull* v. *Nesmith,* 28 Vt. 791 ; *Fowler* v. *Hunt,* 10 Johns. 464 ; *Didier* v. *Davison,* 2 Barb. Ch. 477 ; s. c. 2 Sandf. Ch. 61; *Little* v. *Blunt,* 16 Pick. 359 ; *Whitton* v. *Wass,* 109 Mass. 40 ; Angell Lim. ss. 206, 207. The finding of the referee on this subject brings the case within the last-mentioned rule.

Judgment affirmed.