.Peter Rose, Respondent, v. Paul Rubeling, Appellant.

St. Louis Court of Appeals, January 18, 1887.

1. Evidence—Memorandum to Refresh Memory.—A witness who has an independent recollection of the facts may, to refresh his memory, use a memorandum made by another, but not so where he has no independent knowledge of the facts.

2. —— Instructions—Not Founded on Evidence.—An instruction to "find for the prices of the articles, either as agreed upon, or for their reasonable value," is erroneous where there is no evidence as to their value, or that they were sold at an agreed price.

3.  Practice—Tender.—The amount tendered being the only evidence
    of the amount due, the court should render judgment for the
    amount tendered.

Appeal from the St. Louis Circuit Court, W. H.
Horner, Judge.

*Reversed and judgment.*

E. A. B. Garesché, for the appellant.

T. J. Rowe, for the respondent.

Thompson, J., delivered the opinion of the court.

This action was brought before a justice of the peace,
to collect a small merchant's account. On trial anew
in the circuit court, before a jury, there was a verdict and
judgment for the plaintiff. It is to be regretted that we
have to reverse a judgment of the circuit court in a case
of this kind.

From the evidence it would seem that the plaintiff
is a wholesale dealer or jobber in meats, selling them to
retail butchers, and that the defendant was a retail
butcher. Each party kept what is claimed to have been
an account, and the controversy grows out of a difference
of opinion between them as to the amount really due.
The defendant tendered, before the justice of the peace,
the amount admitted by him to be due, but the jury
have returned a verdict for a larger amount in the cir-
cuit court.

I. The first error assigned is, that the trial court
admitted in evidence a book of accounts, kept by the
plaintiff, which was not a book of original entries. This
error is not well assigned. The court did not admit in
evidence any book of accounts, nor was any such book
offered. The plaintiff brought into court such a book,
and from the entries therein he testified categorically to
the sales of meats to the defendant, charged in the vari-
ous items, giving the amounts, times, and prices. We

infer from the bill of exceptions that he ostensibly used the book to refresh his memory; and it is well settled that a witness may use a memorandum to refresh his memory, although it is not in his own handwriting or made by himself, and although it may be a copy from some other book. 1 Whar. on Ev., sect. 516; *Henry v. Lee*, 1 Chit. Rep. 124; *Commonwealth v. Ford*, 130 Mass. 64; *Davis v. Field*, 56 Vt. 426; *Lawson v. Glass*, 6 Col. 134; *Berry v. Jourdan*, 11 Rich. L. 67.

II. The next error, that the court refused, at the close of the plaintiff's evidence, an instruction to the effect that the plaintiff could not recover, is not well assigned, because this objection was not renewed in the defendant's motion for a new trial. If this objection had been thus saved, it would have been available, because it is clear upon this record that at the close of the plaintiff's evidence he had failed to make out his case, and that his case was not helped out by the evidence given by the defendant. Although the plaintiff had testified in general terms to the delivery of the items of meat charged for in the book which he apparently used to refresh his memory, yet on his cross-examination it appeared that all of this meat was not delivered by himself, but that a part of it was delivered by a boy in his employ, and that he had no personal knowledge of the delivery of the portions, which were delivered by the boy, but that he weighed out to the boy a certain quantity of meat to deliver to several customers on his rounds, and concluded that the boy had made his deliveries correctly, provided the boy's memoranda of his deliveries, which he brought back, tallied with the amount which had been weighed out to him. He said: "I would weigh the meat at my shop and then he (the boy) would weigh it over again at the shop of the customer, in such quantities as the customer wanted, and then he would make a memoranda (*sic*), in a little book, of the amount delivered, and I would put it down in this book. His ac-

count and mine had to tally each night, otherwise I could tell that some of the meat that I gave him would be missing." It is perceived that this statement is entirely compatible with the conclusion that the boy may have made mistakes in keeping the memoranda of the amounts delivered to different customers. He might have charged one customer with meat delivered to another. As the boy was not produced to testify to the correctness of the memoranda kept by him and returned to the plaintiff, the correctness of the entries was not supported by the oath of any one, and a verdict founded upon such evidence was, of course, mere guess-work.

Again, the plaintiff gave no evidence to the effect that the prices charged for the meat were the prices agreed upon between him and the defendant, or that they were the market prices, or that they were reasonable prices. These fatal defects in the plaintiff's evidence were not helped out by any evidence given by the defendant; so that the error would be still available, if the exception had been properly saved, and is available under the next assignment.

III. The instruction given by the court, of its own motion, ran as follows:

"If the jury believe that the plaintiff delivered meat to the defendant, the jury should find a verdict for the plaintiff for the amount of the prices of said meat delivered to the defendant and not paid for. If no price was fixed by the parties, the plaintiff is entitled to recover the reasonable market value at the time of the delivery. If the parties agreed to a price, the plaintiff is entitled to such price only."

There was not a particle of evidence that the price had been fixed by the parties, or what was the reasonable market value of the meats; and, therefore, the giving of this instruction was erroneous, and the court erred in submitting the case to the jury at all, and the verdict is not supported by the evidence.

The judgment will be reversed and judgment entered

here for the plaintiff in the sum of $14.35, being the amount of debt tendered by the defendant in the justice's court, the plaintiff to pay the costs of this court and of the circuit court. Rev. Stat., sect. 998. It is so ordered. All the judges concur.