Sullivan, }
Jan. 4, 1921. }

FRANK STEINFIELD v. MASSACHUSETTS BONDING AND INSURANCE CO.

The soldiers' and sailors' relief act (U. S. Stat., 1918, Supp., s. 3078 ¼ e), extending the time for bringing actions "limited by any law," applies to limitations stipulated for by contract.

ASSUMPSIT, upon a policy of indemnity insurance, being the same action heretofore reported, 79 N. H. 422.

The policy contained a stipulation that suit must be brought within 90 days after payment of loss or expense. This suit was not brought until between four and five months after such payment, but during this period the plaintiff was in the military service of the United States. If the action can be maintained there is to be judgment for the plaintiff. Transferred from the May term, 1920, of the superior court by *Allen,* J.

*Hurd & Kinney,* for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway,* for the defendant.

PEASLEE, J. The statute relied upon, known as the soldiers' and sailors' relief act, was passed before this cause of action accrued. It provides that "The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service . . . ." *Ib., s.* 205; U. S. Stat., 1918, Supp., *s.* 3078 ¼ e.

The defendant's argument is that the time for bringing suit was limited by the contract and not by "any law" and that therefore the statute does not apply. The defect in the argument is its assumption that the contract is binding irrespective of any law. This plainly is not so. The contract is valid because some law so declares it. In the defendant's brief, it of necessity appeals to the law to sustain its position that the contract stipulation is valid. It is by virtue of the decided cases cited by the defendant that it is able to demonstrate the correctness of that position. Actions are not limited without law. It was the agreement plus the law that created the legal limitation in this case. It is true, as the defendant argues, that a contract is not a law. It is equally true that an agreement without law is not a contract.

The application of the federal act is not limited to statutory provisions. It applies to all law; and provides, in substance, that notwithstanding the state law limits the action as by contract agreed, that law shall not apply while the plaintiff is in the service.

It is manifest that the present case is within the spirit and intent of the act. The purpose was to extend the time for bringing actions generally. *Ib., s.* 100. It was not the legislative intent that the remedial purpose of the act should be defeated by a narrow or technical construction of the language used. *Halle* v. *Cavanaugh,* 79 N. H. 418.

*Judgment for the plaintiff.*

All concurred.