## CLARK v. MECHANICS' AMERICAN NAT. BANK et al.

(Circuit Court of Appeals, Eighth Circuit. August 24, 1922.)

No. 6034.

1. **Army and navy ⬅⮞24—Soldiers' and Sailors' Civil Relief Act extends time for filing of mechanic's lien by one in service.**

   Where a party claiming a mechanic's lien under Crawford & Moses' Dig. Ark. §§ 8555, 8556, requiring that suit be brought on the claim, or that the claim be filed by order of the court, with the receiver of the railroad, within one year after the claim accrued, had been in military service, under Soldiers' and Sailors' Civil Relief Act, §§ 100, 205 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3078¼a, 3078¼e), excluding the period of military service from any period limited by law for the bringing of an action by or against any persons in military service, the period of such service must be excluded in computing time for the bringing of the suit.

2. **Army and navy ⬅⮞24—Soldiers' and Sailors' Relief Act within power of Congress.**

   Soldiers' and Sailors' Civil Relief Act, §§ 101(4), 102(1), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3078¼aa, 3078¼aaa, purports to cover suits in the state or territorial courts, as well as in the federal courts and Congress, under its power to wage war, possesses power to regulate proceedings in the state courts.

3. **Army and navy ⬅⮞24—Soldiers' and Sailors' Relief Act should be liberally construed.**

   The Soldiers' and Sailors' Civil Relief Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3078¼a–3078¼ss) should be liberally construed in favor of the rights of the men engaged in military service.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by Tom G. Clark against the Mechanics' American National Bank and others. Decree for defendants, and complainant appeals. Reversed and remanded, with directions to allow complainant's lien.

Dougald McMillan, of Arkadelphia, Ark., and W. H. Arnold and W. H. Arnold, Jr., both of Texarkana, Ark. (John H. McMillan and David W. McMillan, both of Arkadelphia, Ark., and David C. Arnold, of Texarkana, Ark., of counsel), for appellant.

George B. Rose, of Little Rock, Ark., Joseph Dickson Jr., of St. Louis, Mo., and J. G. Sain, of Nashville, Ark., for appellees.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. In a suit to foreclose certain mortgages upon the property of a railway company, the appellant was denied a lien, and appeals from the decree.

[1] Appellant claimed a lien under the provisions of the statute of Arkansas (section 8555 of Crawford & Moses' Digest, 1921) which

gives to certain mechanics, laborers, and others who furnish labor or supplies in the building or equipment of a railroad a lien upon the railroad for the amount so furnished. It is provided by the next succeeding section of the statutes that—

"The lien mentioned in the preceding section shall not be effectual unless suit shall be brought upon the claim, or the claim shall be filed by order of court with the receiver of said railroad within one year after said claim shall have accrued."

The last item furnished by appellant was supplied on June 30, 1918. He was drafted into the army on August 6, 1918, and he served continuously until August 4, 1919, when he was honorably discharged. He instituted his action on June 21, 1920. Suit was not brought upon this claim of appellant within a year, and for this reason appellees claim that appellant is not entitled to a lien; but suit was brought by appellant within a year after the claim accrued, if the period of military service of appellant during the late war is excluded, and appellant maintains that the suit was therefore brought within the time allowed to him by law. The question thus presented depends upon the proper construction of certain sections of the Act of Congress passed March 8, 1918, known as the Soldiers' and Sailors' Relief Act (40 Stat. 440). Sections 100 and 205 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3078¼a, 3078¼e) read as follows:

"Sec. 100. That for the purpose of enabling the United States the more successfully to prosecute and carry on the war in which it is at present engaged, protection is hereby extended to persons in military service of the United States in order to prevent prejudice or injury to their civil rights during their term of service and to enable them to devote their entire energy to the military needs of the nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the continuance of the present war."

"Sec. 205. That the period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service."

[2] The act purports to cover suits in state or territorial courts as well as suits in national courts (sections 101 [4], and 102 [1], being sections 3078¼aa, 3078¼aaa) and Congress possessed power to regulate proceedings in the state courts, by virtue of its power to wage war (Stewart v. Kahn, 11 Wall. 493, 20 L. Ed. 176; Erickson v. Macy, 231 N. Y. 86, 131 N. E. 744, 16 A. L. R. 1322). It is the claim of the appellees that this act of Congress does not govern this case, because it was only intended to modify those statutes properly called statutes of limitation, by which times are fixed for the bringing of actions, and it was not intended to apply to a statute creating a right of action which did not exist independently of the statute, and where the time for bringing such an action is limited by the statute. It is said that such a statute is not a statute of limitation, but a statute of creation.

[3] The language of section 205 of the act of Congress does not use the words "statute of limitation." The words "any period * * * limited by any law for the bringing of any action," from which the

period of military service is to be excluded, are broad enough to include every form of action by which a soldier's or sailor's right is affected. The act of Congress is comprehensive, and, as stated in section 100, it was the purpose to extend protection to persons in military service in order to prevent injury to their civil rights during their terms of service and to enable them to devote their entire energy to the military needs of the nation. The act provides for stays of suits in which soldiers are parties, prevents defaults, relieves against fines and penalties accruing, grants rights to stay of execution or of attachment and garnishment. It limits the right of eviction by landlords, the right to rescind or terminate contracts for nonperformance and the right to foreclose mortgages when the soldier would be affected. There are other provisions granting relief from sales for taxes and granting protection to the soldier in matters relating to insurance, homesteads, and under the irrigation and mining laws. A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service, absorbed by the exacting duties required of him, and unable to give attention to matters of private business. No reason can be perceived why the extension of time for bringing actions granted by section 205, which expressly covers "any action," should be denied in cases where a statute creates the cause of action.

As an illustration, Congress could not have intended, in the liberal provisions made for the benefit of persons in military service, that an extension of time should be granted in suits upon ordinary contracts, but should be denied if a soldier, as next of kin, had a statutory right to recover for the negligence of some one in causing a death, even though the statute required such action to be brought within a limited period.

Our conclusion is that the meaning and purpose of section 205 was to extend the time in which an action could be brought by or against the person in military service, whenever any limitation had been, or was thereafter, fixed by any law, for the bringing of the action, and it applied to every form of action whether arising under statute or otherwise, and whether the statute granted the right to sue or merely limited the time for suit. Steinfield v. Massachusetts Bonding & Ins. Co. (N. H.) 112 Atl. 800; Halle v. Cavanaugh, 79 N. H. 418, 111 Atl. 76.

"A case may be within the meaning of a statute, and not within its letter, and within its letter, and not within its meaning. The intention of the lawmaker constitutes the law. The statute is a remedial one, and should be construed liberally, to carry out the wise and salutary purposes of its enactment." Stewart v. Kahn, supra.

The case will be remanded, with directions to allow the lien of appellant.