# JACOB KOSEL, Appellant, v. FIRST NATIONAL BANK OF ASHLEY, NORTH DAKOTA, Respondent.

(214 N. W. 249.)

**Army and navy — federal act, applicable to proceedings in state courts.**

1. The Federal statute known as the "Soldiers' and Sailors' Civil Relief Act" is applicable to proceedings in state courts.

**Army and navy — statute of limitations — military service may be deducted.**

2. Where the pleadings show affirmatively that the cause of action set forth in the complaint accrued June 10, 1919, and the action was not commenced until September 18, 1925, but that from March 27, 1918, to November 26, 1919, the plaintiff was absent from the state in the military service of the United States during the late war, plaintiff is entitled to deduct such period of his military service in computing the time when the bar of the statute of limitations becomes effective as a defense.

**Army and navy — limitations — dismissal on grounds of action barred, error.**

3. Under the foregoing state of facts it was error to sustain the objection of the defendant to the introduction of any testimony on the part of the plaintiff, and to dismiss the case on the theory that the pleadings showed affirmatively the action was barred by the statute of limitations.

Opinion filed June 1, 1927.

Army and Navy, 5 C. J. § 218 p. 365 n. 66 New.   Evidence, 23 C. J. § 1900 p. 101 n. 93 New; § 1929 p. 120 n. 59 New.   Limitations of Actions, 37 C. J. § 373 p. 988 n. 53; § 379 p. 990 n. 71.

Appeal from the District Court of McIntosh County, *McKenna,* J. Reversed.

*Wishek & Wishek* and *Lauder & Lauder,* for appellant.

"The plea of the statute of limitations as a defense is deemed denied without reply." Meyers v. School Dist. 4 S. D. 420, 57 N. W. 68.

*I. A. Mackoff* and *Curtis & Remington,* for respondent.

"That a person entitled to an action has no knowledge of his right

Annotation.—(2) As to effect of war on the operation of Statute of Limitation, see 17 R. C. L. 880; 3 R. C. L. Supp. 744; 5 R. C. L. Supp. 960.

to sue or of the facts out of which his right arises, does not stay the running of the statute nor postpone the period of limitations until he discovers the fact, or learns of his right thereunder." Craven v. Craven (Ind.) 103 N. E. 33.

"Neither the ignorance of a person of his right to bring an action nor the mere silence of their person liable to the action prevents the running of the statute of limitations." Cone v. Sloane (Idaho) 100 Pac. 354.

BURR, J. The record shows the summons in this case was served on the 18th day of September, 1925, and in his complaint the plaintiff seeks to recover from the defendant damages for the sale of certain personal property which he says belonged to him and which he alleges the defendant, on or about the tenth day of June, 1919, and "unknown to the plaintiff, and without his consent maliciously, wrongfully, and with the intent to cheat and defraud said plaintiff, and to convert and deprive said plaintiff of his property" sold and converted to its own use. The property alleged to be sold is set forth in four separate causes of action and the plaintiff in each cause of action further alleges that "he is and was at the times hereinafter mentioned a citizen of the state of North Dakota. That from on or about the 27th day of March, 1918, to and including the 26th day of November, 1919, the plaintiff was in the military service of the United States by reason and virtue of the draft act of said United States."

The answer of the defendant contains a general denial and specifically alleges "that the cause of action as alleged in the complaint did not accrue within six years before the commencement of this action." And further "that the plaintiff has failed to bring the said action within the period prescribed by the said laws of the state of North Dakota and is therefore barred by said statute of limitations." There is a further defense to the effect that if any sale of said property was made by the defendant it was made with the consent of the plaintiff.

The plaintiff replies setting forth his absence from the state in the military service of the United States as hereinbefore mentioned.

A jury was empanelled and sworn to try the case, and thereupon counsel for the defendant objected to the introduction of any evidence under the complaint on the ground that the pleadings show affirma-

tively "that more than six years elapsed after plaintiff's pretended cause of action and before the commencement of the action." This motion was sustained. Plaintiff then offered to prove the period of his military service, which offer was denied. The plaintiff being precluded from offering any testimony, the action was dismissed. From the judgment dismissing his cause of action plaintiff appeals. The pleadings show the cause of action accrued June 10, 1919, and the action was commenced September 18, 1925; hence the same is barred by the statute of limitations unless plaintiff has shown facts which toll the statute. Plaintiff relies on two states of facts to toll the statute—that he was absent from the state for a period of twenty months; and that while so absent he was in the military service of the United States.

Absence of the plaintiff from the state does not in itself toll the statute of limitations under the provisions of § 7384 which appears to be relied upon. That section makes provision for the suspension of the statute in case of the absence of the defendant from the state, not the plaintiff. Plaintiff in his brief, relies also upon the state moratorium statute, being chapter 10 of the Laws of the Special Session of 1918. This law provides for the suspension of actions against the soldiers and is not applicable to actions brought by the soldiers. Both counsel call attention to the federal statute known as "Soldiers' and Sailors' Civil Relief Act." In Barnes' Federal Code of 1919 this act is set forth as §§ 10,313, to 10,348, and we will refer to it by these sections. Section 10,314, at subd. 2 shows that the term "period of military service," for those who enter the active service after the date of the Act includes the period from their entrance into the service until the date of discharge, "but in no case later than the date when this Act ceases to be in force." The act is dated March 8, 1918. The complaint alleges this plaintiff was in such active military service from March 27, 1918, to, on or about November 26, 1919. This same federal statute, at § 10,322, says "the period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by—any person in military service—whether such cause of action shall have accrued prior to or during the period of such service." The complaint on this motion being construed favorably to the pleader, we consider that he has brought himself within the provisions of this act by his statement re-

garding military service and it is clear therefore that under the provisions of this act the twenty months in which he was in the military service is not to be computed, in determining whether the statute of limitations bars him. The defendant says, however, that this act is unconstitutional, if applied to proceedings in a state court. Section 10,315 of the federal statute says "the provisions of this act shall apply to the United States, the several states, and territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them prescribed." It is clear therefore that this law is intended to apply to state courts. A similar contention was raised over the act passed by Congress during the Civil War, which act in effect suspended the statute of limitations. In the case of Stewart v. Kahn (Stewart v. Bloom) 11 Wall. 493, 20 L. ed. 176, the Supreme Court of the United States says: "The Act of 1864 applies not only to cases in the federal courts but also to cases in the courts of the states." This "Soldiers' and Sailors' Civil Act" is by its express terms made applicable to the state courts and the federal decision quoted above says: "The act is warranted by the Constitution of the United States and is valid." Section 10,347 says: "This act shall remain in force until the termination of the war and for six months thereafter. . . ." Section 10,314, subd. 5, says, "The term 'termination of the war' as used in this act shall mean the termination of the present war by the treaty of peace as proclaimed by the President." Under the provisions of § 7938, subds. 45, 46, 47 of our own statutes, we take judicial notice of the fact that on November 14, 1921, the President made proclamation of the treaty of peace, stating the war terminated July 2, 1921. Hence it appears plaintiff's period of military service was in full force and effect all of the time claimed by him. The pleadings show he is entitled to deduct this period in computing the time when the bar of the statute of limitations would become effective under our State Statutes.

It is but fair to the trial court and the counsel for both sides to state that it appears no copy of the federal statute was available when the motion to dismiss was being argued. Counsel for the defendant courteously, and with full appreciation of their duty to the trial court,

cited this statute and quoted some of its provisions after the case was dismissed and after their return home, but still considered it to be unconstitutional if applied to state courts. Their action is but another illustration of the courtesy and high ethical standards of our Bar. The pleadings showing the bar of the statute of limitations was not complete, it was error to sustain the objection to the instruction of testimony, and to dismiss the action. The judgment is reversed and the case remanded to the district court for trial upon the issues, with costs to the plaintiff.

· BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.