BRONISLAW BLAZEJOWSKI *vs.* WALTER STADNICKI.

Hampden.     September 21, 1944. — December 6, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, J.J.

*Limitations, Statute of. Soldiers' and Sailors' Civil Relief Act. Military Law. War.*

Under § 205 of the soldiers' and sailors' civil relief act of 1940, the period of military service of a soldier should not be included in computing the time limited by G. L. (Ter. Ed.) c. 260, § 4, as amended, for the bringing of an action by a civilian against him.

TORT. Writ in the District Court of Springfield dated August 28, 1942.

Upon removal to the Superior Court, the action was tried before *Broadhurst*, J.

*J. V. Constantine,* for the defendant.

*J. F. Egan,* for the plaintiff.

WILKINS, J. This is an action of tort to recover for personal injuries sustained on April 27, 1941, when the plaintiff, a pedestrian on a public way in Springfield, was struck by an automobile owned and operated by the defendant, a resident of Chicopee and a member of the United States Army on furlough. From the date of the accident until his discharge on September 8, 1941, the defendant was stationed at Camp Edwards in this Commonwealth. The date of the commencement of the action was August 28, 1942. The statute of limitations was pleaded in the answer.

A motion of the defendant for a directed verdict was denied subject to his exception. The jury returned a verdict for the plaintiff.

The sole question is whether by reason of the soldiers' and sailors' civil relief act of 1940, Act of October 17, 1940, c. 888, § 205 (54 U. S. Sts. at Large, 1181), as amended by the Act of October 6, 1942, c. 581, § 5 (56 U. S. Sts. at Large, 770), the period of military service should be included in computing the time for bringing action under G. L. (Ter. Ed.) c. 260, § 4, as amended, which reads, "actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." This is a statute of limitations. *McLearn* v. *Hill,* 276 Mass. 519, 522. *De Costa* v. *Ye Craftsman Studio Inc.* 278 Mass. 315. *Ford* v. *Rogovin,* 289 Mass. 549. *Gallo* v. *Foley,* 296 Mass. 306, 310. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, 103–104.

Section 205 of the soldiers' and sailors' civil relief act of 1940 reads, "The period of military service shall not be included in computing any period . . . limited by any law . . . for the bringing of any action or proceeding in any court . . . by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action . . . shall have accrued prior to or during the period of such service." Section 201 provides for stay of proceedings (1) by the court in its discretion on its own motion; or (2) on application by a plaintiff or defendant in military service "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service" (54 U. S. Sts. at Large, 1181). By § 102 the act applies to State courts (54 U. S. Sts. at Large, 1179). Section 100 gives the purpose of the legislation: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of

the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force" (54 U. S. Sts. at Large, 1179).

The defendant rightly does not question the validity of the act of Congress or the Federal power to affect a State statute of limitations. See *Stewart* v. *Kahn*, 11 Wall. 493, 505–506; *Perkins* v. *Manning*, 59 Ariz. 60, 64; *Poston* v. *Ebert*, 221 Mich. 361, 367–368; *Erickson* v. *Macy*, 231 N. Y. 86, 91; *Kosel* v. *First National Bank*, 55 N. D. 445, 448; *Konkel* v. *State*, 168 Wis. 335, 340–341; 3 Mass. Law Q. No. 4, 215; 130 Am. L. R. 774; 147 Am. L. R. 1388. See also *Hoffman* v. *Charlestown Five Cents Savings Bank*, 231 Mass. 324, 330.

The defendant's contention is that, properly construed, the soldiers' and sailors' civil relief act of 1940 does not authorize a civilian to use the fact of the military service of an adverse party to the prejudice of the latter's civil rights, and that, as applied to the case at bar, the defendant alone had the right under the Federal statute to invoke its provisions to toll the State statute of limitations. The defendant relies on the avowed purpose of the legislation as restricting the broad scope of § 205, which literally applies to "the bringing of any action . . . by or against any person in military service." "It is a remedial statute and is to be construed liberally to suppress the mischief intended to be put down and to advance the remedy which it was intended to afford. *De Costa* v. *Ye Craftsman Studio Inc.* 278 Mass. 315, 317." *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 536. See *Commonwealth* v. *Welosky*, 276 Mass. 398, 401–402.

"The Act of 1940 was a substantial reënactment of that of 1918." *Boone* v. *Lightner*, 319 U. S. 561, 565. See sol-

diers' and sailors' civil relief act, Act of March 8, 1918, c. 20 (40 U. S. Sts. at Large, 440). Consequently, judicial references to either relief act are equally pertinent to the present question. In *Clark* v. *Mechanics' American National Bank*, 282 Fed. 589, 591, the Circuit Court of Appeals for the Eighth Circuit said of the earlier act, "The act of Congress is comprehensive, and, as stated in section 100, it was the purpose to extend protection to persons in military service in order to prevent injury to their civil rights during their terms of service and to enable them to devote their entire energy to the military needs of the nation. . . . A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service, absorbed by the exacting duties required of him, and unable to give attention to matters of private business." Concerning the later act, it was said in *Boone* v. *Lightner*, 319 U. S. 561, 575, "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." See *Lynn Institution for Savings* v. *Taff*, 314 Mass. 380, 386; *Royster* v. *Lederle*, 128 Fed. (2d) 197, 199 (and see *Royster* v. *Ruggerio*, 2 F. R. D. 429); *Lightner* v. *Boone*, 222 N. C. 205, 209, 210; *Lanham* v. *Cline*, 44 Fed. Sup. 897, 899; *Bowsman* v. *Peterson*, 45 Fed. Sup. 741, 743; *Swiderski* v. *Moodenbaugh*, 45 Fed. Sup. 790; *Easterling* v. *Murphey*, 11 S. W. (2d) 329, 333 (Tex. Civ. App.); *In re Bashor*, 16 Wash. (2d) 168, 170; *Johnson* v. *Johnson*, 59 Cal. App. (2d) 375, 382. See also *Institution for Savings in Newburyport, petitioner*, 309 Mass. 12.

In the light of the foregoing what is the effect of the Federal statute in the circumstances of this case? The language of § 205 of the 1940 act before it was amended in 1942 is identical with § 205 of the 1918 act. See Act of March 8, 1918, c. 20 (40 U. S. Sts. at Large, 443). The amendment of 1942 did not make any change in § 205 now material. There have been references to § 205 of the 1918 enactment in decisions of this and other courts. "That section merely provides that the period of military service shall not be included in the time limited by statutes for the

bringing of actions." *Bell* v. *Buffinton,* 244 Mass. 294, 295. The "meaning and purpose of section 205 was to extend the time in which an action could be brought by or against the person in military service, whenever any limitation had been, or was thereafter, fixed by any law, for the bringing of the action." *Clark* v. *Mechanics' American National Bank,* 282 Fed. 589, 591. "The purpose was to extend the time for bringing actions generally. . . . It was not the legislative intent that the remedial purpose of the act should be defeated by a narrow or technical construction of the language used. *Halle* v. *Cavanaugh,* 79 N. H. 418." *Steinfield* v. *Massachusetts Bonding & Ins. Co.* 80 N. H. 39, 40. "The federal statutes . . . simply extend the time in which an action can be commenced against a person in military service by enacting that the period of military service 'shall not be included in computing any period now or hereafter to be limited by any law for the bringing of an action by or against' such person." *Erickson* v. *Macy,* 231 N. Y. 86, 92. It is true that in none of these cases was the question of the applicability of the act raised by a party who had not been in the military service, but the quoted portions surely do not intimate the existence of the exception for which the defendant contends. See 28 Iowa L. Rev. 14, 27; 20 Neb. L. Rev. 357, 366.

We agree that the purpose of the act was to insure to those in the armed services a state of mind relatively at peace so far as the cares and burdens of civil litigation are concerned. But the language of the statute expressly indicates a purpose to provide such tranquillity as it does seek to provide, with respect to all litigation and not merely with respect to those cases and proceedings in which a member of the armed forces might elect to invoke the Congressional act to suspend the statute of limitations. We are unable to say that because of its objective this legislatively conferred freedom from the strife of civil courts, so far as it goes, should be confined to cases of the latter class. Nor can we say that Congress, in withholding mention of any such distinction, has nevertheless expressed an intent that the interests of those privileged to wear the uniform

would best be served and "prejudice" to their "civil rights" most likely be avoided by introduction of this limitation. Not only is there convenience in uniformity, as well as fairness both to the civilian and to the soldier and sailor, but one might not unreasonably conclude that persons in the military service the better would "devote their entire energy to the defense needs of the Nation" if their creditors were not obliged to sue during the war, with the beneficial consequence that, to the extent that those creditors in reliance on the authorized forbearance might defer bringing action, soldiers and sailors would be spared the cares and anxiety attendant upon seeking stay of the proceedings. Compare *Whitton* v. *Wass*, 109 Mass. 40.

The act refers to "the bringing of any action . . . by or against any person in military service." If this wording, which is clear and unambiguous and not doubtful, is to be whittled down by judicial interpretation to comprise only those actions in which a party in military service chooses to rely upon or plead the fact of such service, we think that such implied exception should be declared by the court finally empowered to pass upon the scope of acts of Congress.

Statute 1941, c. 708, § 19, does not affect the question. Neither party has argued that it does.

We are of opinion that the period of military service of the defendant should not be included in computing the time for bringing action under G. L. (Ter. Ed.) c. 260, § 4, as amended, and that the motion for a directed verdict was rightly denied.

*Exceptions overruled.*