**CRAWFORD et al. v. ADAMS et al.**

No. 12013.

Court of Civil Appeals of Texas. Galveston.

July 28, 1948.

Rehearing Denied Sept. 30, 1948.

P. H. Cauthan, Jr., of Trinity (Hutson, Chessher & Cauthan, of Trinity, of counsel), for appellants.

Kennedy & Granberry, of Crockett, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellants, E. J. Crawford and J. N. Crawford, for the

recovery from appellees, W. H. Adams and Ella Jane Adams, of a balance of $900 alleged to be due on a promissory note, and for foreclosure of a mechanic's and materialman's lien on certain property in Houston County, Texas, by which the note was secured.

The First National Bank of Trinity, Texas, with whom the said funds were deposited, was made a party defendant.

Appellants alleged that appellees had entered into a contract with one Ted Campbell for the construction of a house, and had executed a note in his favor for the sum of $4,500. That Campbell had assigned all rights under said contract and note to appellants, and that by agreement of the parties, the contract and note had been placed in the Trinity State Bank with the understanding that the funds were to be paid to appellants on the joint check of E. J. Crawford and W. H. Adams as the work progressed. This action was brought for the recovery of $900 alleged to be the balance due on the contract.

Appellants further alleged that E. J. Crawford had served with the armed forces of the United States for a period of three years between the time the note became due and the time this action was brought, and for that reason he was unable to prosecute the collection of the balance due on said note.

Appellees, by special exceptions, alleged that appellants' cause of action was barred by the two (2) and four (4) years statutes of limitation. Vernon's Ann.Civ.St. arts. 5526, 5527.

At the conclusion of the evidence the trial court sustained appellees' special exceptions, and appellants having declined to amend, the cause was dismissed.

This appeal was perfected by appellants from the order of the trial court sustaining appellees' certain special exceptions, and its action in dismissing the suit following their refusal to amend their pleadings.

The sole question presented in the appeal is whether, by reason of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 525, the period of military service of appellant E. J. Crawford from November 22, 1942, to September 29, 1945,

should have been excluded from the limitation period by the trial court, in computing the time for bringing this action for the recovery of the balance due on the note sued for herein and for the foreclosure of the said mechanic's lien.

The material parts of Section 525 of 50 U.S.C.A.Appendix, The Soldiers' and Sailors' Civil Relief Act of 1940, read: "The period of military service shall not be included in computing any period * * * limited by any law * * * for the bringing of any action or proceeding in any court * * * by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action * * * shall have accrued prior to or during the period of such service, * * *"

While we have been cited to no decisions by the courts of this state involving the questions here presented, and have found none, the exact questions have, we think, been decided by the courts of other states and may be determined by the established principles of law.

It is, we think, the established law of this state "that the benefit extended to soldiers and sailors under section 10322 (section 3078¼c) was intended to apply to actions in state courts as well as those in federal courts", and that Congress had power to pass said act, and that it applies to state courts. Bell v. Baker, Tex.Com.App., 260 S.W. 158, 160.

It is also the established law in this state that the contracts and debts of a partnership are joint as to all members of the firm, and several as to each of them. 32 Tex.Jur., 356.

It is undisputed in the record that J. N. Crawford and E. J. Crawford were partners; that E. J. Crawford was inducted into the armed services on November 22, 1942, and that he was discharged on September 29, 1945. Appellant J. N. Crawford testified that he did not actively engage in the work under the contract under consideration, and that the partnership business was closed during the period of E. J. Crawford's service in the armed forces.

A consideration of the pleadings and evidence adduced in this action discloses

that the principal point of contention was whether the contract under consideration had been substantially performed for the purpose of determining what amount of damages, if any, appellants had sustained. The contract of the parties to the suit with Crockett Production Credit Association provided that E. J. Crawford and W. H. Adams could agree on the work which remained to be done on said building, and that they should execute a joint check on the bank account. In the event they were unable to agree, neither could withdraw the funds.

The $900 sued for was twenty (20%) per cent of the contract price for the construction of said building, which had been held back until the building was completed, for the protection of the parties to the contract in the event of a controversy.

It is admitted by the parties that the said building was not constructed in accordance with the specifications in various minor details.

In the case of Clark v. Mechanics' American National Bank, 282 F. 589, 591, Eighth Circuit Court of Appeals, the court held that the purpose of the act was "to extend protection to persons in military service in order to prevent injury to their civil rights during their terms of service and to enable them to devote their entire energy to the military needs of the nation. The act provides for stays of suits in which soldiers are parties * * *. A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service * * *. No reason can be perceived why the extension of time for bringing actions granted by section 205, which expressly covers 'any action,' should be denied in cases where a statute creates the cause of action * * *."

"Our conclusion is that the meaning and purpose of section 205 was to extend the time in which an action could be brought by or against the person in military service, whenever any limitation had been, or was thereafter, fixed by any law, for the bringing of the action, and it applied to every form of action whether arising under statute or otherwise, and whether the statute granted the right to sue or merely limited the time for suit." Citing Steinfield v.

Massachusetts Bonding & Ins. Co. 80 N.H. 39, 112 A. 800; Halle v. Cavanaugh, 79 N.H. 418, 111 A. 76.

In the case of Illinois Nat. Bank of Springfield et al. v. Gwinn et al., 390 Ill. 345, 61 N.E.2d 249, 254, 159 A.L.R. 468, the Supreme Court of Illinois, commenting on the "Soldiers' and Sailors' Civil Relief Act of 1940" said: "This section, as thus amended, excludes any part of a person's period of military service occurring after October 6, 1942, from the computation of time provided by any existing or future statute for the redemption of real estate sold under a decree of foreclosure. This provision of the Federal statute must be regarded as written into our own statutes of redemption and, in effect, amending such statutes by giving additional time for redemption in certain cases. Glen on Mortgages, Vol. 2, Par. 166, p. 804. It is not merely directory or permissive, but is imperatively controlling and automatically extends the period of time allowed for redemption in all cases coming within the application of its terms. It is evident that the provisions of section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942, are self-executing and that it was not the intention of Congress to make it discretionary with the court whether, under the facts of a particular case, an extension of time for redemption should be had." (See also the holding of the Supreme Court of Massachusetts in the case of Blazejowski v. Stadnicki, 317 Mass. 352, 58 N.E.2d 164.)

From a careful consideration of the facts in this case and the evidence adduced, we conclude that the trial court erred in sustaining appellees' special exception and in holding that appellants' cause of action was barred by the four (4) year statute of limitations, for the reason that the period of military service should not be included in computing the time for bringing the action for recovery of the balance due on said note and for foreclosure of the lien by which it was secured. It follows that the judgment of the trial court must be reversed and this cause remanded to the trial court.

Reversed and remanded.